**Juanita STANTON, Appellant,**

v.

**Orion WESTBROOK, M. D., Appellee.**

**No. B2237.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 12, 1980.

Rehearing Denied April 9, 1980.

John F. Hirling, Ira Watrous, Houston, for appellant.

John Boswell, Boswell, O'Toole, Davis & Pickering, Houston, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

JUNELL, Justice.

In this medical malpractice case against Dr. Westbrook, appellee, the trial court granted defendant's motion for directed verdict at the close of the plaintiff's case. Appellant Stanton appeals claiming error in the trial court's exclusion of certain testimony by plaintiff's expert witness, Dr. Gottlieb, and in the court's directing a verdict against her in the face of alleged material fact issues. We find no error in the exclusion of that testimony and no evidence in the record raising issues requiring jury determination; therefore, we affirm the judgment of the trial court.

In March, 1977, appellant Juanita Stanton went to the offices of Dr. Orion Westbrook, her gynecologist since 1972. On that occasion she complained of a tender, painful lump in her left breast which had recently appeared. At that time Dr. Westbrook aspirated the lump, drawing fluid from it. Stanton was then told to return in six months. Westbrook testified that she was told to return earlier if her symptoms continued. In August, 1977, she returned to Westbrook again complaining of a lump in her breast, and Westbrook ordered a mammogram taken. In September, 1977, Stanton went to a surgeon who performed a biopsy on a lump in her left breast, found it to be malignant, and performed a modified radical mastectomy. A year later cancer was discovered in her liver and lungs. The surgeon testified that in his opinion the malignant breast tumor was probably the source of the disease, and that it had probably spread to other organs from that point.

Appellant assigns error in the trial court's exclusion of her expert's testimony

in four separate areas. For purposes of appellate review, however, only one of those areas has been preserved by a bill of exceptions. Without the substance of the excluded testimony in the record this court cannot determine if the trial court erred in excluding it, or whether appellant was prejudiced thereby. *Morris v. Burney*, 504 S.W.2d 800 (Tex.Civ.App.-Fort Worth 1974, no writ). Thus, for the expert's testimony, our attention is directed to the exclusion of the testimony regarding pre-metastasis and post-metastasis survival rates.

■ Appellant's bill of exceptions contains Dr. Gottlieb's testimony that if a cancerous tumor is detected before metastasis, or spreading, the survival rates of patients are approximately 95 per cent. He stated that if the condition is not detected until after metastasis has occurred, the survival rate is much lower, approximately 50 per cent. This testimony is not sufficient to raise a genuine issue of material fact on the question of this defendant's liability for malpractice. Those general statistics were not connected in any way to Dr. Westbrook or his treatment; thus, they constituted no evidence of negligence. We find no error in the trial court's exclusion of this testimony and no prejudice to appellant.

■ The issue remaining regards appellant's claim that the court erred in directing a verdict against her in the face of material fact issues. The standard of appellate review of a verdict directed for defendant is a very strict one. The evidence must be construed in a light most favorable to the party against whom the verdict was instructed. *Air Conditioning v. Harrison-Wilson-Pearson*, 151 Tex. 635, 253 S.W.2d 422 (1952).

■ In Texas it is well settled that a patient has no cause of action against his doctor for malpractice, either in diagnosis or in recognized treatment, unless he proves by a doctor of the same school of practice as the defendant that the diagnosis or treatment complained of was such as to constitute negligence and that it was a proximate cause of the patient's injuries. *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779 (1949). Thus, it is necessary for a plaintiff to introduce evidence through a medical expert that will establish a medical standard of care. This medical standard of care must be established so that the factfinder can determine whether the doctor's act or omission deviated from the standard of care so as to constitute negligence or malpractice. *Smith v. Guthrie*, 557 S.W.2d 163 (Tex.Civ. App.-Forth Worth 1977, writ ref'd n. r. e.).

■ The court in *Smith v. Guthrie, supra,* held that the testifying expert cannot establish the standard by stating what *he* would have done under the same or similar circumstances. Breach of this medical standard of care is the threshold question in a medical malpractice case; thus, failure to establish it is fatal to plaintiff's case.

■ Considering the evidence in the light most favorable to appellant, the record below shows that plaintiff's expert was allowed to testify concerning what *he* would have done and what *he* thought was a proper use of the diagnostic tools available to Dr. Westbrook in examining the plaintiff. Appellant urges this court's adoption of an expanded view toward establishing the medical standard of care. She proposes that Dr. Gottlieb's testimony concerning the action he would have taken, coupled with his testimony that Dr. Westbrook's treatment was unreasonable, dangerous and neglectful, is sufficient to establish the standard. The court in *Guidry v. Phillips*, 580 S.W.2d 883 (Tex.Civ.App.-Houston [14th Dist.] 1979, writ ref'd n. r. e.), cited by appellant, reaffirmed the line of Texas cases holding that the standard of care may not be established by the expert's opinion that the defendant doctor's treatment constituted negligence. We decline to expand the existing law to allow such a method as appellant proposes. A review of the entire record reveals that the expert never successfully established a standard considered acceptable by medical doctors in their diagnostic procedures. Because of this failure no fact issue of negligence was raised by plaintiff. The trial court correctly instructed a verdict for defendant. Appellant's

points are overruled; the judgment below is affirmed.