**TERRY JOHNS AUTOMOBILES, INC., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–86–242–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 20, 1986.

Curtis B. Dyer & Associates, William N. Ambler, Corpus Christi, for appellant.

Jeffrey A. Babcock, Asst. Dist. Atty., Kingsville, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

OPINION

NYE, Chief Justice.

This is an appeal by writ of error. The trial court ordered forfeiture of an automobile found to have been used to conceal and transport a controlled substance. Terry Johns Automobiles, Incorporated, appeals the judgment. We reverse.

Following the seizure of approximately fifty-five pounds of marihuana from a 1980 Chevrolet Blazer, vehicle identification number CCL18AF129774, the State instituted forfeiture proceedings. Notice of seizure and intended forfeiture was filed on November 15, 1985. The notice alleged that an inquiry was made of the State

Highway Department as to the ownership of the vehicle and any liens or encumbrances on it. The notice further alleged that the highway department's records showed that Richard D. Andrus, Jr., was the registered owner and that no outstanding liens existed.

On March 3, 1986, appellant Terry Johns Automobiles, Incorporated, filed an answer in the above-styled cause entitled "Owner's Answer." Appellant alleged that it was the record owner of the vehicle and that the automobile was on consignment to a car dealer in Brownsville. Appellant alleged in the alternative that it had a bona fide security interest in the vehicle of $3,500.00. The pleading was verified by attaching the affidavit of Terry Johns, president of appellant corporation.

On March 10, 1986, the forfeiture hearing was held. Appellant did not appear. The named defendants, the driver of the vehicle at the time it was seized and the alleged owner, Andrus, also failed to appear. Neither of the above-named defendants filed an answer. At the hearing, neither the trial judge nor the State mentioned appellant, despite appellant's answer being on file.

On March 13, 1986, appellant filed a motion for rehearing. The motion admitted notice of the March 10 hearing by ordinary mail on Friday, March 7, but complained that the notice was inadequate. Appellant again asserted ownership of the vehicle, and attached copies of the front and back of a certificate of title. The certificate of title was made out to Richard D. Andrus and described a 1980 Chevrolet Blazer with vehicle identification number CCL18AF129774. The reverse side showed an assignment to "Menger Honda" and a reassignment to "Terry Johns Automobiles, Inc." The next day, however, the trial court signed a default judgment against the named defendants. Appellant was not mentioned in the judgment.

The trial court heard appellant's motion for rehearing on April 2, 1986. Appellant orally argued ownership of the vehicle, lack of service, and lack of notice of the hearing, then offered to proceed with proof; however, appellant's motion for new trial or rehearing was denied. Appellant then filed its petition for writ of error in this Court.

■ Appellant contends that the forfeiture hearing was held without proper notice and that the trial court erred in denying its motion for rehearing. We agree. Forfeiture proceedings are governed by the Controlled Substances Act, Tex.Rev.Civ. Stat.Ann. art. 4476-15 (Vernon 1976 & Supp. 1986). Section 5.07(c) of the Act provides:

> At the hearing any claimant of any right, title, or interest in the property may prove his lien, security interest, or other interest in the nature of a security interest, to be bona fide and created without knowledge or consent that the property was to be used so as to cause the property to be subject to forfeiture.

Appellant, by filing its answer, was entitled to notice of the forfeiture hearing and an opportunity to present its defense.

■ Tex.R.Civ.P. 21 requires at least three days' notice of a hearing regarding an application for an order. Appellant has admitted to receiving an ordinary-mail letter on Friday, March 7, informing it of the hearing on Monday, March 10. This notice is inadequate, since it did not give the appellant three full days' notice as required by Rule 21, according to Rule 4. Under Rule 4, the day appellant received the letter (Friday, March 7) is not counted as part of the three days. The record contains no proof that notice of the hearing was given to appellant prior to March 7, nor does the State allege that it gave appellant any notice at all. We hold that appellant was entitled to prior notice of the hearing date. *See Anderson v. Anderson,* 698 S.W.2d 397, 399 (Tex.App.—Houston [14th Dist.] 1985, writ dism'd w.o.j.). Accordingly, the trial court abused its discretion in failing to grant appellant a rehearing. *See Kuykendall v. Spicer,* 643 S.W.2d 776, 778 (Tex. App.—San Antonio 1982, no writ).

The judgment of the trial court awarding the vehicle to the Kleberg County District Attorney's Office is reversed, and this cause is remanded to the trial court for another trial.