**4 ACRES OF REAL PROPERTY AND A ONE STORY WOOD FRAME HOUSE, GREEN IN COLOR, WITH SCREENED IN FRONT PORCH AND TIN ROOF LOCATED ON SAID 4 ACRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 87 028 CV.**

Court of Appeals of Texas, Beaumont.

Oct. 22, 1987.

Thomas M. Root, Groves, for appellant.

Patrick O. Hardy, Crim. Dist. Atty., Woodville, for appellee.

## OPINION

BURGESS, Justice.

This is a summary judgment case involving a forfeiture under *TEX.REV.CIV.*

STAT.ANN. art. 4476–15 (Vernon 1976), the Texas Controlled Substances Act. On September 24, 1986, officers of the Tyler County Sheriff's Department arrested Pam Distefano and others for a violation of the Controlled Substances Act. On September 26, 1986, an original notice of seizure and intended forfeiture was filed wherein the state sought to forfeit a one-story, frame house and four acres of land as a result of the September 24th arrest and seizure of controlled substances at the property. That notice alleged Pam Distefano as the owner of the property and Bobby O. Wallace as a lien holder. On October 10, 1986, Wallace filed an unverified, handwritten pro se answer. On October 15, 1986, Pam Distefano filed an unverified, handwritten pro se answer in which she stated that her estranged husband Mark Distefano had a community interest in the home. On October 17, 1986, the state filed an Amended Notice of Seizure and Intended Forfeiture which added Mark Distefano as an alleged owner. Pam Distefano's attorney, who was court appointed in her criminal proceeding, then filed a verified answer on October 22, 1986. Later, Pam Distefano's court-appointed attorney withdrew from the civil proceeding, and on October 30th, Ms. Distefano executed an agreed order of forfeiture. Ms. Distefano also pleaded guilty to possession of marijuana and received a two-year prison term. On November 3rd, Wallace filed another pro se answer, handwritten and unverified, continuing to claim a lien interest. On November 17th, Mark Distefano's attorney filed an unverified denial. Later that same day, the state filed a motion for summary judgment. The motion, in pertinent part, stated:

I

The Respondent, Bobby O. Wallace, has filed an unverified and unsworn answer herein.

II

The Respondent, Mark Distefano, has filed an answer, however said answer was not filed within 20 days as set out in Sec. 5.07(a) of 4476–15 Controlled Substances Act and is also unsworn and unverified.

III

Plaintiff's Motion embraces his forfeiture claim against the Respondents. There is no genuine issue as to any material fact necessary to establish each and every element of the Plaintiff's cause of action and Plaintiff is entitled to a judgement as a matter of law because the said Pam Distefano was using the alleged 4 acres of real property and alleged residence (see description in original pleadings) as a container for a controlled substance in violation of Article 4476–15 V.A.T.S. to wit: Marihuana. The aforesaid property and residence were seized by Wade Skinner, Chief Deputy of the Tyler County Sheriff's Office on September 24, 1986.

IV

In support of this motion, Plaintiff refers the Court to the sworn pleadings on file in this cause, ALSO Pam Distefano has already pled guilty to Possession of Marijuana Charges in Cause No. 7178 and also entered into an Agreed Forfeiture with the State for her interest in above described property.

The motion was unverified, and there were no supporting affidavits attached to the motion. On December 4th, Mark Distefano's attorney filed a verified answer. On December 12th, he also filed a response to the motion for summary judgment with a supporting affidavit. The motion was heard that day, and on January 5, 1987, the trial court entered an order granting the motion for summary judgment. That order, in pertinent part, stated:

[C]ame on to be heard and considered the Motion for Summary Judgment in the above styled and numbered cause filed heretofore on October 17, 1986, after due notice to the party herein and after an unsworn answer and/or untimely answer was filed by the respondents, Mark Distefano and Bobby O. Wallace, and came

the Plaintiff the State of Texas, by and through her Criminal District Attorney of Tyler County, Texas; and the Plaintiff presented evidence to the Court through her Notice of Seizure and Intended Forfeiture that on the 24th day of September, 1986, in Tyler County, Texas,....

The order went on to divest Mark Distefano and Bobby O. Wallace of their respective interests in the property and awarded title to the Tyler County District Attorney's Office and the Tyler County Sheriff's Office, one-fourth and three-fourths interests respectively. Only Mark Distefano has perfected appeal to this court.

Mr. Distefano urges five points of error. Points of error numbers one and five deal with the filing of the verified answer. The other points of error deal with the summary judgment evidence.

■ The state admits it had no summary judgment evidence before the court except the pleadings. The state further admits that this amended pleading was not verified. The state agrees there is ample authority that pleadings either sworn or unsworn do not constitute summary judgment proof. *City of Houston v. Clear Creek Basin Authority,* .589 S.W.2d 671, 678 (Tex.1979). However, the state urges that none of the cases so holding are forfeiture cases under *article 4476–15* and that *TEX. REV.CIV.STAT.ANN. art. 4476–15, sec. 5.07(b)* (Vernon 1976) states that if no answer has been filed by the owner of the property, the notice of seizure may be introduced into evidence and is prima facie evidence that the property is subject to seizure. This argument fails for two reasons. First, we see no reason to carve an exception for forfeiture cases which would be against long established precedent. We continue to hold that pleadings do not constitute summary judgment proof. Second, to accept the state's argument about the provisions of *section 5.07(b)* requires the

notice of seizure to be introduced into evidence before it becomes prima facie evidence. There can be no evidence taken at a summary judgment hearing.[1] *TEX.R.CIV. P. 166–A(c).*

■ Next, the state argues that there is sufficient evidence to sustain the summary judgment because the trial court could have taken judicial notice of the agreed order of forfeiture signed by Pam Distefano and the records of the criminal trial. This contention has been decided against the state's position. In *Gardner v. Martin,* 162 Tex. 156, 159, 345 S.W.2d 274, 276 (1961), the motion for summary judgment asked the court to take judicial notice of prior records. Our supreme court held that in compliance with *rule 166–A,* certified copies of the court records should have been attached to the motion. *See also Gist v. Stamford Hosp. Dist.,* 541 S.W.2d 510, 511 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.). There was no competent summary judgment evidence before the court. The court erred in granting the motion for summary judgment.

■ Under generally accepted principles of appellate review, we might end our review of the points of error at this juncture. However, we feel constrained to address the points of error concerning the answer filed by appellant. The state's position is that when the statute states, "An owner ... shall file a verified answer within 20 days....", this imposes an absolute time limitation and any answer filed outside of that period is untimely. The state cites no authority for its position. We can find no authority directly on point. We do find *Terry Johns Automobiles, Inc. v. State,* 721 S.W.2d 488 (Tex.App.—Corpus Christi 1986, no writ), wherein the court held that appellant, by filing its answer, was entitled to notice of the forfeiture hearing and an opportunity to present its defense. In that case, the notice of forfeiture was filed on November 15, 1985. While appellant was

---

1. We have extreme reservations that summary judgment proceedings are even appropriate under this specific statute. The statute on several occasions refers to the court hearing evidence. It refers to matters being introduced into evidence at the hearing. It thus appears that the legislature intended for an evidentiary hearing to take place and did not envision summary judgment procedure. However, in light of our disposition of this case, we do not reach this procedural question.

not listed as an owner or lien holder nor served with citation, appellant did file an answer on March 3, 1986. Thereafter, on March 10, 1986, the hearing was held and the forfeiture ordered. The Corpus Christi court does not address our exact question since the case turned on the failure of appellant to have the proper three-day notice of the hearing. It is clear, however, that the appellant did not file its answer within 20 days of the notice of filing.

■ Parallel to our situation is the general rule in civil cases. *TEX.R.CIV.P. 101* requires that a defendant answer at or before 10:00 a.m. of the Monday next after the expiration of 20 days. It is well established that even though the time for filing an answer has expired, a defendant may file an answer if the trial court has not entered judgment. *Hanks v. Rosser*, 378 S.W.2d 31 (Tex.1964); *World Co. v. Dow*, 116 Tex. 146, 152, 287 S.W. 241, 243 (1926); *Palacios v. Rayburn*, 516 S.W.2d 292, 294 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). We find no compelling reason to depart from the civil rule and establish an absolute limitation in forfeiture cases. We, therefore, hold that under *TEX.REV.CIV. STAT.ANN. art. 4476–15, sec. 5.07(a)* (Vernon 1976), a verified answer filed outside of the 20–day period but prior to a default judgment, be taken as timely. The cause is reversed and remanded.

REVERSED AND REMANDED.