Edwin E. HAMMONDS, Appellant,

v.

Sellers THOMAS, M.D., et al.,
Appellees.

No. 9685.

Court of Appeals of Texas,
Texarkana.

Feb. 22, 1989.
Rehearing Denied April 11, 1989.

Charles R. Houssiere, III, Robert K. Schaffer, Houssiere & Durant, Houston, for appellant.

Craig Smyser, Vinson & Elkins, Dion C. Raymos, Ryan & Smith, Houston, for appellee.

CORNELIUS, Chief Justice.

This is a medical malpractice case in which a take-nothing summary judgment was rendered against the plaintiff Hammonds and in favor of the defendants, Dr. Sellers Thomas, Dr. John McKechnie, and Methodist Hospital. In three points of error, Hammonds alleges that the doctors' summary judgment affidavits were insufficient to support summary judgment, and that his controverting affidavits raised genuine issues of fact but were improperly excluded from consideration by the trial court. We agree, and reverse and remand the cause against the doctors for trial.

Hammonds challenges the affidavits of Dr. Thomas and Dr. McKechnie as failing to establish the standard of care with any degree of certainty or clarity.

A defendant moving for summary judgment must produce summary judgment evidence showing that at least one essential element of the plaintiff's case is disproven as a matter of law. Until the defendant meets that burden, the plaintiff has no burden to controvert the defendant's proof. 4 R. McDonald, *Texas Civil Practice in District and County Courts* § 17.26.8 (rev. 1984).

The threshold question in a medical malpractice case is the standard of care. That standard must first be established so that the factfinder can determine if the doctors' conduct deviated from the stan-

dard to the degree that it constituted malpractice. *Tilotta v. Goodall,* 752 S.W.2d 160 (Tex.App.–Houston [1st Dist.] 1988, no writ); *Wheeler v. Aldama–Luebbert,* 707 S.W.2d 213 (Tex.App.–Houston [1st Dist.] 1986, no writ); *Coan v. Winters,* 646 S.W.2d 655 (Tex.App.–Fort Worth 1983, writ ref'd n.r.e.); *Stanton v. Westbrook,* 598 S.W.2d 331 (Tex.Civ.App.–Houston [14th Dist.] 1980, writ ref'd n.r.e.). Affidavits are insufficient to prove the standard of care if the expert merely states that he is familiar with the standard of care and that the treatment was within that standard. They must state what the standard is. *See Martin v. Petta,* 694 S.W.2d 233 (Tex.App.–Fort Worth 1985, writ ref'd n.r.e.). Moreover, affidavits which merely state conclusions rather than facts are insufficient. *Brownlee v. Brownlee,* 665 S.W.2d 111 (Tex.1984); *Life Ins. Co. of Virginia v. Gar–Dal, Inc.,* 570 S.W.2d 378 (Tex.1978); *Pinckley v. Dr. Francisco Gallegos, M.D.,* 740 S.W.2d 529 (Tex.App.–San Antonio 1987, writ denied); *Ford v. Ireland,* 699 S.W.2d 587 (Tex.App.–Texarkana 1985, no writ); *Martin v. Petta,* supra.

■ Dr. Thomas' affidavit stated the following as the standard of care in this case:

I am familiar with the standard of care in Harris County, Texas, in evaluating and treating Edwin Hammonds' symptoms and conditions. The standard of care in Harris County, Texas, is

1. Performing medical workup.

2. Determining when surgery is necessary, proper, or appropriate.

3. Performance of the type of surgery which was performed in this case.

4. Performing appropriate and/or necessary tests prior to placing a clip on a patient's vena cava.

5. Deciding when to place a clip on a patient's vena cava.

6. Discussing with the Plaintiff his condition.

Dr. McKechnie stated in his affidavit that the standard was:

I am familiar with the standard of care in Harris County, Texas, in evaluating and treating Edwin Hammonds' symptoms and conditions. The standard of care in Harris County, Texas, is to *listen to the patient's complaints, if any, then examine, evaluate and treat those complaints which warranted further action.* This is how I evaluated Edwin Hammonds. (Emphasis added.)

Neither of these statements is sufficient to establish the standard of care in a specific malpractice case. They are nothing more than generalizations and conclusions which would be applicable to any medical treatment. Statements that one should "determine when surgery is necessary," "perform appropriate tests," "listen to the patient's complaints and then evaluate and treat those complaints" do not provide any measurement by which a trier of fact can determine if the specific medical procedures and techniques used in this case met the standard of expertise held by the medical profession generally. The allegations are not readily controvertible and do not conclusively establish a standard of care. *See Duncan v. Horning,* 587 S.W.2d 471 (Tex.Civ.App.–Dallas 1979, no writ); Tex.R. Civ.P. 166a(c). While medical experts can now state their opinions on the ultimate fact of whether conduct amounts to negligence and proximate cause, there must still be some specific evidence of what the medical standard of care is. Thus, the affidavits were insufficient to support summary judgment in this case, even if not controverted.

■ The trial court refused to consider Hammonds' controverting affidavits because they were not filed seven days prior to the hearing on the motion for summary judgment as required by Tex.R.Civ.P. 166a(c). We believe the trial court erred in this respect. The hearing was set for July 11, 1988. Hammonds filed his affidavits on July 5, six days before the hearing. The seventh day before the hearing was July 4, a state and national holiday. Therefore, the filing day was extended to July 5 by virtue of Tex.R.Civ.P. 4, which provides that when the last day of a time period falls on a Saturday, Sunday, or legal holiday the time is extended to the end of the next day which is neither a Saturday, Sunday, nor legal holiday.

Drs. Thomas and McKechnie contend that Rule 4 does not apply to this situation, relying on *Williams v. City of Angleton,* 724 S.W.2d 414 (Tex.App.–Houston [1st Dist.] 1987, writ ref'd n.r.e.). That case held, in a different context, that Rule 4 did not apply to the requirement of Rule 166a that a motion for summary judgment be filed twenty-one days prior to the hearing thereon. The court's reason for its decision was that Rule 166a is a specific rule which, in case of conflict, would control over Rule 4. We respectfully disagree with our sister court in that regard. It is true that a specific rule controls over a conflicting general rule, but there is no conflict between Rule 4 and Rule 166a. Rule 4 expressly provides that "in computing *any* period of time prescribed or allowed by *these rules* (emphasis added)" the last day shall not be counted if it is a Saturday, Sunday, or legal holiday. Rule 166a is one of "these rules" as much as is Rule 4, and it does not provide otherwise than is provided in Rule 4. Since there is no conflict, the rules should be read together and harmonized, i.e., the controverting affidavits must be filed seven days before the hearing, but if the last day falls on a Saturday, Sunday, or legal holiday, it is extended to the next day which is neither a Saturday, Sunday, nor legal holiday. The requirements for Hammonds' response to the motions for summary judgment are prescribed by the Rules of Civil Procedure, and he was entitled to rely on those rules, and specifically on the protection granted by Rule 4, in calculating the time within which he must file his affidavits.

The doctors, based on the court's reasoning in *Williams,* argue that Rule 4 should not apply because they would not have notice of the controverting affidavits a full seven days before the hearing. We find this argument unpersuasive. The same argument could be made to many applications of Rule 4. Whenever that rule is applied it extends the time for taking any action, and either shortens or lengthens the time for any response, as the case may be. Yet, Rule 4 has consistently been applied to other time requirements of the Rules of Civil Procedure. In fact, as to another one of its provisions, Rule 4 has been applied specifically to a summary judgment proceeding under Rule 166a. *See Terry Johns Automobiles, Inc. v. State,* 721 S.W.2d 488 (Tex.App.–Corpus Christi 1986, no writ). If Rule 4 was meant to apply only to time periods running "after" a certain event and not to those "before," as argued in *Williams,* it could easily have said so. Instead, it expressly states that it applies to "any period of time . . . prescribed by these rules." We hold that Hammonds' affidavits were timely filed and that the trial court abused its discretion in failing to consider them.

Considering Hammonds' controverting affidavits, a genuine issue of material fact is raised. Consequently, the summary judgment was improperly granted as to Dr. Thomas and Dr. McKechnie. As to Methodist Hospital, any error has been waived. Hammonds failed to assign any error or brief any points against the hospital, so the judgment in its favor will be affirmed.

The summary judgments for Drs. Thomas and McKechnie are reversed and the cause is remanded for trial. Judgment for the hospital is affirmed.

BLEIL, Justice, concurring.

Although I agree with the majority's decision in this case, I write separately concerning the adequacy of the affidavits of Sellers Thomas and John McKechnie, medical experts and defendants in this case. In agreeing with Hammonds that these two affidavits are legally inadequate to support a summary judgment on the basis of *Coan v. Winters,* 646 S.W.2d 655 (Tex.App.–Fort Worth 1983, writ ref'd n.r.e.), and *Stanton v. Westbrook,* 598 S.W.2d 331 (Tex.Civ. App.–Houston [14th Dist.] 1980, writ ref'd n.r.e.), the majority errs. While those cases stand for the propositions that the standard of care is the threshold question which must be proved first so that the factfinder can determine whether the doctor's conduct was negligent, in this particular the holding of these cases is passé. The basis for those holdings was that testimony by a medical expert about what constitutes negligence was then held to be inadmissible in a medical malpractice suit. *Coan v. Winters,* 646 S.W.2d at 657. Now, this type of testimony is clearly admissible.

**4**

The medical doctors who gave affidavits are free to express their opinion that there were no acts of medical negligence committed. *King v. Bauer,* 688 S.W.2d 845 (Tex. 1985). The facade that medical experts should testify only as to the standard of care, with the ultimate question of negligence being left to the jury, no longer exists. Fairness dictates that medical experts like these be allowed to express their opinions so long as the opinions are confined to relevant issues and are based on proper legal concepts. *Birchfield v. Texarkana Memorial Hosp.,* 747 S.W.2d 361, 365 (Tex.1987); Tex.R.Evid. 704.

The testimony, in lengthy affidavits, showed that the witnesses were expert, that they knew the standard of care in Harris County, that they did not breach the standard of care, and that they were not negligent in any manner which caused injury to Hammonds. I cannot join in holding that the affidavits of Thomas and McKechnie were insufficient to support summary judgment, even if not controverted.

GRANT, Justice, concurring.

I concur with the results reached by the majority opinion, but inasmuch as the area of disagreement between the majority and concurring opinion is not vital to the outcome of the case, I do not express an opinion on that issue.