Sharon EVANS and Wayne Evans, Appellants,

v.

Jack L. CONLEE, M.D. and Jack L. Conlee, M.D., P.A., Appellee.

No. 13–88–515–CV.

Court of Appeals of Texas, Corpus Christi.

March 29, 1990.

Rehearing Overruled April 26, 1990.

Charles D. Thompson, Herin & Miller, Corpus Christi, for appellants.

R. Scott Fraley, Scott, Douglass & Luton, Austin, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

This is a medical malpractice informed consent case. Sharon Evans and Wayne Evans filed suit against Dr. Jack Conlee, M.D. and Dr. Jack Conlee, M.D., P.A., alleging that Conlee failed to inform and misrepresented to Sharon Evans the risks and results of reconstructive breast implant surgery. The trial court granted summary judgment in Conlee's favor. We reverse the summary judgment and remand the cause to the trial court.

In April of 1984, Sharon Evans was diagnosed as suffering from fibrocystic breast disease, which increased her chances of developing breast cancer. Her physicians, Dr. E.J. Giles and Dr. Brady Way, informed her that one method of treatment would be to undergo bilateral mastectomies, or removal of both breasts, followed by reconstructive implant surgery. Giles and Way informed Evans that they would perform the mastectomies, and referred her to Conlee, a plastic surgeon, for the implant portion of the treatment. Prior to the mastectomy surgery Evans consulted with Conlee; she then decided to undergo both the mastectomies and the implant surgery.

Subsequently, Evans experienced complications with the implants which included skin slough, capsular formation, shifting, and severe disfiguration, all of which created the necessity for further surgery.

Evans brought suit against Conlee alleging that Conlee failed to inform and misrepresented the risks and results of the procedure, and that but for Conlee's advice and consultation she would not have consented to either the mastectomies or the consequent implant surgery. Conlee filed a motion for summary judgment, claiming:

Specifically, the summary judgment evidence shows that no genuine issue of material fact exists as to the following essential element of plaintiff's claim: that Defendant breached any duty owed to Sharon Evans by failing to comply with the applicable standard of care.

In support of his motion, Conlee relied on excerpts of Evan's deposition and an affidavit of James Fox, M.D. Relevant portions of Evan's deposition state the following:

Q Now, Mrs. Evans, it's true, is it not, that at the time you talked to Dr. Conlee about this the second time around, that he discussed with you the possible complications of the breast reconstruction?

A I asked him some questions.

Q What did you ask him?

A Mainly I was concerned if my nipples would have feeling or, you know, if they would not, and he told me that there would be decreased sensation in the nipples and that sometimes on some people it does return.

Q Sometimes it does and sometimes it doesn't?

A Yes.

Q Did you ask him any other specific questions?

A I did ask what are the risks and he told me the same risks as any other surgery like I've had before.

Q General risk of anesthesia?

A Yes.

Q Possibility of some infection?

A Yes.

Q Possibility of hematoma or bruising, something like that?

A No, blood loss or blood clotting.

Q Okay. Did he tell you anything about scarring?

A No, I just understood that I would have a scar underneath.

Q Did you understand that the reconstruction, whether it was done at the time of the mastectomies or later on, would be going back through the same incision so you wouldn't have an additional scar—

A Yes.

Fox's affidavit stated that Conlee was presented with a difficult reconstructive procedure because Evans had previously undergone numerous biopsies which caused multiple scarring, and because she had an inverted nipple, was a cigarette smoker, and was obese. Fox stated that the causes of the shifting of the implants were the previous biopsies and the subcutaneous mastectomies, and that this shifting "is a very common occurence in patients with this degree of scarring." He concluded that in his opinion, "Dr. Conlee's examinations, operative procedures and post-operative treatment of Ms. Evans were in accordance with the accepted standard of medical care, and were the same as would have been performed by a reasonably prudent physician acting under the same or similar circumstances," and that "the damages plaintiff now complains of in her original petition were *in no way caused* by the examinations, operative procedures or subsequent treatment performed by Dr. Jack Conlee." (emphasis added).

A defendant who moves for a summary judgment on an essential element of the plaintiff's case must establish that no genuine issue of material fact exists as to that element. Tex.R.Civ.P. 166–a (Vernon Supp.1990). The grounds relied upon by the defendant must be expressly raised in the motion. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979).

■ A cause of action based on failure to disclose the risks and hazards of a particular surgical procedure is governed by Tex.Rev.Civ.Stat.Ann. art. 4590i, § 6.04(a), (b) (Vernon Supp.1989). *Peterson v. Shields*, 652 S.W.2d 929, 930 (Tex.1983); *Hammonds v. Thomas*, 770 S.W.2d 1, 2 (Tex.App.—Texarkana 1989, no writ). Because the threshold issue in a medical malpractice case is the standard of care, an affidavit which states that the affiant is familiar with the standard of care and that the treatment was within that standard is insufficient. *Id.* Conlee's motion for summary judgment clearly relies on only one element of plaintiff's cause of action: that Conlee failed to breach any duty owed to

Evans by failing to comply with the applicable standard of care. Fox's affidavit, on the other hand, concludes that the damages suffered by Evans as a result of the surgery were not proximately caused by Conlee's performance. No mention is made of the duty to inform the patient of the risks involved in this type of surgery.

Because the summary judgment evidence fails to show as a matter of law that no genuine issue of material fact exists as to the issue expressly set out in Conlee's motion, we reverse the summary judgment and remand the cause to the trial court.

UTTER, J., not participating.