Marilyn JONES, Appellant,

v.

William Ward JONES, Executor of
the Estate of Royce M. Jones,
Deceased, Appellee.

No. 01–93–00214–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 15, 1994.

Rehearing Overruled Oct. 20, 1994.

Dwane L. Todd, Houston, for appellant.

M. Susan Hardie, Azalea Aleman, Houston,
for appellee.

Before ANDELL, DUGGAN and
HUTSON–DUNN, JJ.

## ORDER ON MOTION FOR LEAVE TO
## FILE POST–SUBMISSION BRIEF

ANDELL, Justice.

This appeal arises from a summary judg-
ment granted in a bill of review proceeding.
The plaintiff/appellant is Marilyn Jones
(Marilyn). The defendant/appellee is Wil-
liam Ward Jones (the Estate), executor of
the estate of Royce M. Jones, deceased.

We heard oral argument on October 12,
1993. Today, September 15, 1994, we have
affirmed the judgment in a separate opinion,
888 S.W.2d 849.

On August 23, 1994, Marilyn filed a "mo-
tion requesting leave to file post-submission
supplemental letter brief based upon recent
Texas Supreme Court case." In her motion,
Marilyn asks that we allow her to file a letter
brief "directed solely to the timing of the
summary judgment hearing...." She con-
tends that the recent Supreme Court of Tex-
as case of *Lewis v. Blake,* 876 S.W.2d 314

(Tex.1994),[1] is relevant to this appeal because of its holding on page 316 regarding the timing of summary judgment hearings. Along with her motion, she has filed the brief which she has requested leave to file. The brief brings what Marilyn has called "new point of error number four," which raises this argument and relies on *Lewis*.

*Lewis* holds that a "hearing on a motion for summary judgment may be set as early as the 21st day after the motion is served, or on the 24th day if the motion is served by mail." 876 S.W.2d at 316. Marilyn contends that, under *Lewis*, the hearing on the Estate's motion for summary judgment was held one day too soon. We do not decide this question, however, because the circumstances under which Marilyn has filed her motion lead us to deny it.

Texas Rule of Appellate Procedure 74(*o*), entitled "Amendment or Supplementation [of Briefs]," states that "[b]riefs may be amended or supplemented at any time when justice requires upon such reasonable terms as the court may prescribe...." We do not find that "justice requires" us to grant Marilyn leave to file a supplemental brief that raises a new point of error based on *Lewis*.

Marilyn did not object to the hearing date in the trial court. She failed to file a response to the Estate's motion for summary judgment seven days prior to the date of the hearing. She filed a response on the date of the hearing; even in this untimely response, however, she did not complain about the date of the hearing being too early under the law. At the hearing, she filed a motion for continuance, asking that the hearing be postponed for at least 15 days. Nor, however, in her motion for continuance did Marilyn complain about the hearing being too early under the law.[2] Marilyn also filed two motions for new trial. In these motions, too, she failed to complain about the hearing being too early under the law.

■ Under these circumstances, Marilyn has waived any argument that she received less notice than required for the hearing on the Estate's motion for summary judgment. *See White v. Wah*, 789 S.W.2d 312, 319 (Tex. App.—Houston [1st Dist.] 1990, no writ) (where appellant complained of receiving less notice than required by statute for appellees' motions for summary judgment, but did not object to lack of statutory notice, either prior to the hearing on the motions for summary judgment, at the hearing on the motions for summary judgment, or in his motion for new trial, we held appellant waived his right to complain of lack of proper notice). We also held in *White*, and reiterate now, that "[a]n allegation that a party received less notice than required by statute does not present a jurisdictional question, and, therefore, may not be raised for the first time on appeal." *Id.*

■ Marilyn has waived her complaint regarding allegedly improper notice, and thus it would be pointless for us to allow her to brief it. She would not be entitled to any relief on the complaint because of the waiver.

■ Marilyn argues, however, that:

The law in this Court of Appeals before the decision in *Lewis v. Blake* [ ] was directly to the contrary [of the law set out in *Lewis* ]. *Cronen v. City of Pasadena*, 835 S.W.2d 206, 208–209 (Tex.App.—Houston [1st Dist.] 1992, no writ). Any argument that Marilyn Jones waived her right to assert this new point of error is incorrect since until the case of *Lewis v. Blake* [ ], even this Court would have ruled against her based upon its previous decision.

This argument misses the point. Error regarding the receipt of less notice than required for a hearing on a motion for summary judgment is preserved *in the trial court. White*, 789 S.W.2d at 319. At the time Marilyn had the opportunity to preserve error, and thus secure the right to make her complaint on appeal, Marilyn did not know which court of appeals would hear any appeal emerging from her case.

Furthermore, at the time the Estate filed its motion for summary judgment, authority

---

1. *Lewis* was decided on May 11, 1994, and the motion for rehearing was overruled on June 15, 1994. 876 S.W.2d at 314.

2. The trial court denied the motion for continuance.

existed that *supported* Marilyn's argument: the case of *Hammonds v. Thomas,* 770 S.W.2d 1 (Tex.App.—Texarkana 1989, no writ). In *Lewis,* the Supreme Court of Texas wrote: "Thus, hearing on a motion for summary judgment may be set as early as the 21st day after the motion is served, or the 24th day if the motion is served by mail. One court of appeals has correctly reached this same conclusion." 876 S.W.2d at 316. The court then cited *Hammonds. Id.*[3]

Marilyn could have argued *Hammonds* to the trial court, and then, having done so, to this Court in her original briefing. Although *Cronen* would have been authority against Marilyn's argument both in the trial court and, ultimately, here, the existence of law contrary to her position is no reason why she could not have made her argument in the trial court and later in this Court. Indeed, the appellant in *Blake v. Lewis,* 866 S.W.2d 687 (Tex.App.—Houston [1st Dist.] 1993), *rev'd,* 876 S.W.2d 314 (Tex.1994), succeeded in persuading us that we had erred in certain parts of *Cronen.* 866 S.W.2d at 689, 690. The existence of law against him from this Court did not deter him from making (and thus preserving) his argument in the trial court, and then making it here. Nor is the existence of law from this Court against her position at the time the Estate moved for summary judgment a reason why Marilyn should be allowed to present her argument for the first time now, particularly when *Hammonds* could have provided her support in the trial court and here in her original briefing.

■ We are cognizant of the rule that "[w]hen the applicable law changes during the pendency of the appeal, the court of appeals must render its decision in light of the change in the law." *Blair v. Fletcher,* 849 S.W.2d 344, 345 (Tex.1993); *see FSLIC v. T.F. Stone–Liberty Land Assocs.,* 787 S.W.2d 475, 486 (Tex.App.—Dallas 1990, writ dism'd). However, the law governing when a hearing on a motion for summary judgment may be set is not "applicable law" in this case; Marilyn did not preserve error on this issue, and thus the law on the issue is irrele-

vant to the disposition of this appeal. Nor is this a case when the law actually changed; as the supreme court recognized in *Lewis* at page 316, there was already authority for the *Lewis* rule when *Lewis* was handed down. That *Lewis* approved that authority and disapproved contrary authorities is not a change in the law, but a settling of the law. Authority for Marilyn's position existed at the time the Estate moved for summary judgment.

For these reasons, we deny the motion.

HUTSON–DUNN, J., dissenting without opinion.

---

**3.** In this opinion, we do not mean to imply that *Hammonds* was the only support for Marilyn's argument at the time the Estate moved for summary judgment.