**Linda Palacios LARA, et al., Appellants,**

v.

**TRI–COASTAL CONTRACTORS, INC., Appellee.**

No. 13–94–504–CV.

Court of Appeals of Texas, Corpus Christi.

June 6, 1996.

Virgil W. Yanta, Yanta, Flores and Korth, San Antonio, for appellants.

Allan R. King, Barker & King, Corpus Christi, for appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Joe Louis Trevino's survivors, the plaintiffs below, appeal from an adverse summary judgment entered in favor of Tri–Coastal Contractors, Inc., one of several defendants sued by appellants following Trevino's death in a work-related accident involving the transportation of an oil field pumpjack.[1] Appellants asserted twenty-six causes of action based on negligence. Tri–Coastal moved for summary judgment on all of the causes of action asserted by all of the plaintiffs and alternatively for partial summary judgment against all causes of action asserted by Linda Palacios Lara ("Lara").[2] The trial court granted the full summary judgment, then severed the actions against Tri–Coastal from the remaining defendants. By a single point of error, appellants contend that the trial court erred in granting Tri–Coastal's motion.

## SUMMARY JUDGMENT

■ Summary judgment is proper when the movant shows by uncontroverted or conclusive summary judgment evidence that no issue of material fact exists and that he is entitled to judgment as a matter of law. In deciding whether a disputed material fact issue precludes summary judgment, a reviewing court will take as true all evidence favorable to the nonmovant and will indulge all reasonable inferences and resolve all doubts in the nonmovant's favor. *Nixon v.*

*Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). When a defendant moves for summary judgment, he must show that no genuine issue of fact exists as to one or more of the essential elements of the plaintiff's cause of action, *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970), or that an affirmative defense is established as a matter of law. *Munoz v. Gulf Oil Co.,* 693 S.W.2d 372, 373 (Tex.1984) (*citing City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979)).

■ A motion for summary judgment is properly granted only if the motion and its supporting affidavits show that the movant is entitled to judgment as a matter of law. *Mayo v. John Hancock Mut. Life Ins. Co.,* 711 S.W.2d 5, 6 (Tex.1986). Summary judgment for a defendant in particular is proper when at least one element of a plaintiff's cause of action has been established conclusively against the plaintiff. *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex.1975); *Walton v. Harnischfeger,* 796 S.W.2d 225, 228 (Tex.App.—San Antonio 1990, writ denied). When the defense is in the nature of a denial, as it is here, the burden of the defendant moving for summary judgment is to establish that the plaintiff does not have sufficient evidence to go to a jury on a controlling issue that is essential to plaintiff's recovery. *State v. Seventeen Thousand and No/100 Dollars U.S. Currency,* 809 S.W.2d 637, 639 (Tex.App.—Corpus Christi 1991, no writ).

In this case, Tri–Coastal's summary judgment evidence consists soley of the expert testimony of work-place experts, Dr. Waymon L. Johnston and Dr. Gary D. Smith. In their motion, Tri–Coastal argued that the expert testimony "clearly indicates that [Tri–Coastal] was not negligent and was not grossly negligent in the causation of the death of the Decedent, Joe Louis Trevino."

Dr. Johnston testified that he had no opinion as to the training provided to Gilbert

---

1. Plaintiffs include (1) Linda Palacios Lara, decedent's purported common-law wife; (2) Joe Louis Palacios, decedent's minor son; (3) Louis Trevino, decedent's father; (4) Guadalupe Trevino, decedent's mother; and (5) the Estate of Joe Louis Trevino.

2. Since the trial court made no ruling on the motion for partial summary judgment, the parties agree that it is not properly before this court and we do not consider it in this opinion.

Rodriguez (decedent's co-worker at the accident site) or to the decedent by Tri–Coastal and that he was not critical of Tri–Coastal's conduct insofar as providing a safe work place for the decedent. He further testified that all precautions necessary and reasonable had been taken by Tri–Coastal. Additionally, he stated that in his opinion, the decedent was an employee of Ace Transportation for the day-to-day work activities and supervision thereof; and an employee of Tri–Coastal for payroll purposes.

Dr. Gary D. Smith, an expert produced by Ace Transportation, testified that Tri–Coastal was not grossly negligent. He also stated that Tri–Coastal had no duty to supply the decedent with a safe work place.

In their response to Tri–Coastal's motion, appellants argued that each expert's testimony consisted of unsubstantiated legal conclusions which are incompetent to support the summary judgment.[3] We agree.

■ A movant can establish its right to summary judgment solely on the uncontroverted testimony of an expert witness if the subject matter is such that the trier of fact would be "guided solely by the opinion testimony of experts" and the testimony is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX. R. CIV. P. 166a(c). However, expert testimony comprised of mere legal conclusions or conclusory statements is insufficient to support summary judgment. *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991); *Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex. 1984); *Hidalgo v. Surety Sav. & Loan Ass'n,* 487 S.W.2d 702, 703 (Tex.1972) (per curiam); *cf. Evans v. Conlee,* 787 S.W.2d 570, 572 (Tex.App.—Corpus Christi 1990, writ denied) (in medical malpractice case, expert's affidavit which merely states that he is familiar with the standard of care and that the treatment was within that standard is insufficient to prove the standard of care; affiant must state what the standard is).

■ In the instant case, we initially note that there is no recitation of the experts' qualifications. Additionally, we find the evidence void of specificity concerning pumpjack training, safety, and transportation. Most importantly, the experts failed to provide any legal basis or reasoning for deducing that Tri–Coastal acted reasonably, took all necessary and reasonable precautions, and was not grossly negligent. Without this information, their testimony amounts to sworn denials of appellants' claims.

Taking as true all evidence favorable to appellants, indulging all reasonable inferences and resolving all doubts in appellants' favor, we hold that the trial court erred in upholding the summary judgment. Tri–Coastal's summary judgment proof, by way of expert testimony, is wholly conclusory, rendering it incompetent to support summary judgment as a matter of law. *Anderson,* 808 S.W.2d at 55; *see, e.g., Mercer,* 676 S.W.2d at 580; *Associates Discount Corp. v. Rattan Chevrolet, Inc.,* 462 S.W.2d 546 (Tex.1970); *Bates v. Smith,* 155 Tex. 443, 289 S.W.2d 215 (1956). We sustain appellants' point of error.

Accordingly, we REVERSE the trial court's judgment and REMAND for proceedings consistent with this opinion.

---

3. Tri–Coastal erroneously contends that appellants challenge the competency of the experts' testimony for the first time on appeal. Appellants clearly raised this issue in their response to the motion for summary judgment. Further, even if it was raised for the first time on appeal, this court is still free to consider it. *See Sorrells v. Giberson,* 780 S.W.2d 936, 938 (Tex.App.— Austin 1989, writ denied)(the presence of a conclusion in an affidavit is a defect of substance rather than form, and therefore no objection or response in the trial court is necessary to contend on appeal that the proof is legally insufficient to support the summary judgment); *see also Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex.1984); *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *Life Ins. Co. of Virginia v. Gar–Dal, Inc.,* 570 S.W.2d 378, 381 (Tex.1978).