NUMBER 13-99-436-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


FREDDIE LEE WALKER, Appellant,


v.



GONZALES COUNTY SHERIFF'S DEPARTMENT, 

GONZALES COUNTY SHERIFF D. J. BRZOZOWSKI, AND

GONZALES COUNTY DEPUTY SHERIFF BOB ERWIN, Appellees.

____________________________________________________________________


On appeal from the Second 25th District Court


of Gonzales County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Chavez


Opinion by Justice Hinojosa



 Appellant, Freddie Lee Walker, a state prison inmate, filed a pro se
personal injury suit against appellees, the Gonzales County Sheriff's
Department, Gonzales County Sheriff D. J. Brzozowski and Gonzales
County Deputy Sheriff Bob Erwin, claiming appellees' negligence
caused a fellow inmate to commandeer Erwin's patrol car during an
escape attempt and then crash the car into a ditch. Appellant, a back-seat passenger, received facial injuries. Appellees moved to dismiss the
action because, inter alia, appellant did not comply with the procedural
requirements of Chapter 14 of the Texas Civil Practices and Remedies
Code, which governs civil suits filed by inmates claiming inability to pay
costs. Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a)(Vernon Supp.
2000). The trial court granted appellees' motion to dismiss, and this
appeal ensued. We affirm.

 In his second issue, appellant complains that he "was denied due
process because the trial court denied [him] an opportunity to sustain
his burden of proof on Appellees' Motion to Dismiss." Appellant
contends he received late notice of the motion to dismiss and the
hearing on the motion, and that the trial court's consideration of
appellees' evidence at that hearing violated his due process rights.

 The Texas Rules of Civil Procedure require that every motion be
filed with the clerk of the court and served on all parties. Tex. R. Civ. P.
21. Every notice required by rule 21 "may be served by delivering a
copy to the party to be served, or the party's duly authorized agent or
attorney of record, . . . by certified or registered mail, to the party's last
known address. . . ." Tex. R. Civ. P. 21a. 

 Appellees filed their motion to dismiss on June 9, 1999, and
served notice on appellant via certified mail at the Caldwell County Jail. 
Appellant claims he was moved to a state prison on June 2, 1999, and
that he did not receive notice of the hearing until June 24, 1999, the
day of the hearing. The record contains no evidence of when or where
appellant was served. There is no indication in the record that appellant
ever filed a formal notice of his change of address.

 The record reflects that appellant did not respond to the motion
until after the date of the hearing. On July 6, 1999, appellant filed his
"objections to Defendant's [sic] . . . Motion to Dismiss Evidence, Motion
for Sanctions and Motion to Dismiss Response." The document is
dated June 28, 1999 and is unverified. In the document, appellant
states that "[t]here are no previous suits," objects to the "Motion to
Dismiss Evidence," and argues there is a basis for his claims in law or
in fact. Appellant does not object to nor mention any late notice. After
discovering the motion to dismiss had been granted, appellant filed his
notice of appeal on July 7, 1999. Although on July 9, 1999, he filed a
complaint against the trial judge with the State Commission on Judicial
Conduct complaining that he did not receive timely notice of the
hearing, appellant never filed a motion for new trial or any other motion
with the trial court contesting lack of timely notice, and never presented
any evidence to the trial court to support this allegation.

 A complaint of inadequate notice under Texas Rules of Civil
Procedure 21 or 21a is waived absent a timely and specific objection. 
Union City Body Co., Inc. v. Ramirez, 911 S.W.2d 196, 201 (Tex.
App.--San Antonio 1995, no writ); Trade v. Helm, 725 S.W.2d 525, 526
(Tex. App.--Dallas 1987, no writ); see also Tex. R. App. P. 33.1 (to
preserve an issue for appeal, the issue must be timely presented to the
trial court and an adverse ruling must be obtained). Even in the
summary judgment context, an allegation that a party received less
than the required notice under rule 166a can be waived unless it is
promptly brought to the attention of the trial court. Union City Body,
911 S.W.2d at 201; Jones v. Jones, 888 S.W.2d 858, 859 (Tex.
App.--Houston [1st Dist.] 1994, writ denied); Negrini v. Beale, 822
S.W.2d 822, 823 (Tex. App.--Houston [14th Dist.] 1992, no writ). A
claim of inadequate notice may be raised by a motion for new trial. See,
e.g., Dunn v. Menassen, 913 S.W.2d 621, 626 (Tex. App.--Corpus
Christi 1995, writ denied)(appellant's counsel denied receiving the
pleading in question both at trial and later by motion for new trial). We,
therefore, hold that appellant has not preserved this issue for our
review.

 In his second issue, appellant further argues that the trial court: 

abused his discretion and denied Appellant due process in
considering [appellees'] evidence(1) which was not reliable,
not what it purported to be, inadmissible, misleading in the
extreme, and brought in bad faith. 

 

However, the reporter's record of the hearing shows that no evidence
was presented at the hearing. Appellees asked the trial court only to
determine whether appellant had complied with the requirements of
chapter 14 of the Texas Civil Practice and Remedies Code. Tex. Civ.
Prac. & Rem. Code Ann. §§ 14.001-14.004 (Vernon Supp. 2000). 
Appellant's second issue is overruled.

 In his third issue, appellant complains the trial court erred in
dismissing his cause of action for failure to comply with the
requirements of chapter 14 of the civil practices and remedies code. Id.

 Inmate litigation (except suits brought under the family code) in
which the inmate files an affidavit or unsworn declaration of inability to
pay costs is governed by the special procedural rules set out in chapter
14 of the civil practice and remedies code. Tex. Civ. Prac. & Rem. Code
Ann. § 14.001 (Vernon Supp. 2000). The legislature enacted this statute
to control the flood of frivolous lawsuits being filed in Texas courts by
prison inmates because these suits consume valuable judicial resources
with little offsetting benefits. Hickson v. Moya, 926 S.W.2d 397, 399
(Tex. App.--Waco 1996, no writ). The rules set out in chapter 14 may
not be modified or repealed by the regular rules of civil procedure. Tex.
Civ. Prac. & Rem. Code Ann. § 14.014 (Vernon Supp. 2000).

 The trial court has broad discretion to dismiss a lawsuit brought
under chapter 14 as frivolous or malicious. Tex. Civ. Prac. & Rem. Code
Ann. § 14.003(a)(2) (Vernon Supp. 2000); Jackson v. Texas Dep't of
Crim. Justice--Institutional Div., No. 13-99-259-CV, 2000 Tex. App.
LEXIS 6009, at *2 (Tex. App.--Corpus Christi August 31, 2000, no pet.
h.); Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.--Houston
[1st Dist.] 1998, no pet.). In determining whether a claim is frivolous
or malicious, the trial court may consider whether: (1) the claim's
realistic chance of ultimate success is slight; (2) the claim has no
arguable basis in law or fact; (3) it is clear that the party cannot prove
facts in support of the claim; or (4) the claim is substantially similar to
a previous claim filed by the inmate because the claim arises from the
same operative facts. Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (b)
(Vernon Supp. 2000); Jackson, 2000 Tex. App. LEXIS 6009, at *3. 

 The dismissal of a lawsuit brought by an inmate who has filed an
affidavit or declaration of inability to pay costs is reviewed under an
abuse of discretion standard. Jackson, 2000 Tex. App. LEXIS 6009, at
*3; Barnum v. Munson, 998 S.W.2d 284, 286 (Tex. App.--Dallas 1999,
pet. denied); McCollum v. Mt. Ararat Baptist Church, Inc., 980 S.W.2d
535, 536 (Tex. App.--Houston [14th Dist.] 1998, no pet.); Hickson, 926
S.W.2d at 398. To establish abuse of discretion, the complaining party
must show that the trial court's action was arbitrary or unreasonable
in light of all the circumstances in the case. Smithson v. Cessna
Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1984). Stated differently, abuse
of discretion is determined by examining whether the trial court acted
without reference to any guiding rules and principles. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985);
McCollum, 980 S.W.2d at 536-37.

 Section 14.004 of the Texas Civil Practice & Remedies Code
provides that:

(a) An inmate who files an affidavit or unsworn declaration
of inability to pay costs should file a separate affidavit
or declaration:


 (1) identifying each suit, other than a suit under the
Family Code, previously brought by the person
and in which the person was not represented by
an attorney, without regard to whether the
person was an inmate at the time the suit was
brought; and


 (2) describing each suit that was previously brought
by:


 (A) stating the operative facts for which relief
was sought;


 (B) listing the case name, cause number, and
the court in which the suit was brought;


 (C) identifying each party named in the suit;
and


 (D) stating the result of the suit, including
whether the suit was dismissed as frivolous
or malicious under Section 13.001 or
Section 14.003 or otherwise.


Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon Supp. 2000). The
affidavit or unsworn declaration required by this section was not
included in appellant's pleadings.

 This court has previously held that:

when an inmate does not comply with the affidavit
requirements of section 14.004, the trial court is entitled to
assume the suit is substantially similar to one previously
filed by the inmate, and therefore, frivolous. Our holding
advances the purposes for which the Texas Legislature
enacted the section on inmate litigation and the special
requirements in section 14.004.


Jackson, 2000 Tex. App. LEXIS 6009, at *7; see also, Samuels v. Strain,
11 S.W.3d 404, 406 (Tex. App.--Houston [1st Dist.] 2000, no pet.); Bell
v. Texas Dept. of Crim. Justice -- Institutional Div., 962 S.W.2d 156,
158 (Tex. App.--Houston [14th Dist.] 1998, pet. denied); Thomas v.
Wichita Gen. Hosp., 952 S.W.2d 936, 939 (Tex. App.--Fort Worth 1997,
pet. denied); Hickson, 926 S.W.2d at 399 (trial court does not err when
dismissing a suit under chapter 14 where the inmate has filed no
affidavit, or a defective one). Because appellant did not comply with the
requirements of chapter 14, we hold the trial court did not abuse its
discretion in dismissing his lawsuit. Appellant's third issue is
overruled.

 An order granting a dispositive motion that does not specify the
grounds for dismissal will be affirmed if any of the theories advanced in
the motion supports dismissal. See Carr v. Brasher, 776 S.W.2d 567,
569 (Tex. 1989); Trigo v. Munoz, 993 S.W.2d 419, 421 (Tex.
App.--Corpus Christi 1999, pet. denied). Therefore, it is not necessary
to address appellant's first issue. Tex. R. App. P. 47.1.

 The judgment of the trial court is affirmed.



 FEDERICO G. HINOJOSA

 Justice



Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this 

the 7th day of December, 2000.

1. Appellant is apparently referring to a statement in appellees' motion to dismiss
that he had been indicted on a charge of attempted capital murder for being a willing
and active participant in the escape attempt that ultimately led to his injuries. This
was relevant to appellees' assertion that appellant's claims were untenable under the
Texas Tort Claims Act.