ACCEPTED
03-15-00474-CV
8339858
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/22/2015 11:16:00 AM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00474-CV

_____

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/22/2015 11:16:00 AM
JEFFREY D. KYLE
Clerk

_____

**ERMA J. MATTHEWS,**
**Appellant,**
**v.**
**JEROME SOLOMON C/O EPOCH FILMS, INC.,**
**MINDY GOLDBERG, AND OTHERS,**
**Appellees.**

On Appeal from the 423rd Judicial District Court of Bastrop County, Texas
(Honorable Christopher D. Duggan, of the 423rd Judicial District Court, Presiding)
Trial Court Cause No. 423-3470

_____

**APPELLEES' BRIEF**

Robert P. Latham
State Bar No. 11975500
blatham@jw.com
Noah M. Galton
State Bar No. 24078531
ngalton@jw.com
**Jackson Walker L.L.P.**
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000 – Telephone
(512) 236-2002 – Fax

ATTORNEYS FOR APPELLEES
JEROME SOLOMON AND MINDY
GOLDBERG

# IDENTITY OF PARTIES AND COUNSEL

1.      Appellant

**Erma J. Matthews**

*Represented by:*

Pro Se
25491 Beresford Drive
South Riding, VA  20152
(571) 933-8413 – Telephone
(571) 933-8413 – Fax
Email:  ermajmatthews@yahoo.com

2.      Appellees

**Jerome Solomon**
**Mindy Goldberg**

*Represented by:*

Robert P. Latham
State Bar No. 11975500
blatham@jw.com
Noah M. Galton
State Bar No. 24078531
ngalton@jw.com
**Jackson Walker L.L.P.**
100 Congress Avenue, Suite 1100
Austin, Texas  78701
(512) 236-2000 – Telephone
(512) 236-2002 – Fax

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL ......................................................... ii

TABLE OF CONTENTS ............................................................................... iii

INDEX OF AUTHORITIES ............................................................................. v

STATEMENT OF THE CASE ......................................................................... 1

STATEMENT REGARDING ORAL ARGUMENT ............................................... 3

STATEMENT OF THE FACTS ........................................................................ 3

STANDARD OF REVIEW .............................................................................. 8

SUMMARY OF THE ARGUMENT .................................................................. 8

ARGUMENT AND AUTHORITIES ................................................................. 10

I.        Appellant Failed To Preserve Error Concerning The Trial Court's Alleged "Failure" To Enter A Default Judgment. ........... 10

II.       Even If Appellant Had Preserved Error, The Trial Court Had No Power To Issue A Default Judgment Against Appellees. ....................................................................... 14

        A.      The Trial Court Had No Power To Enter A Default Judgment After The Filing Of Appellees' Answer, Even If Filed Late. ................................................. 14

        B.      Even If Appellant Had Requested A Default Judgment Before The Filing Of Appellees' Answer, Appellees' Answer Mooted Any Such Request As Well As Any Allegations Of Delay On The Part Of The Trial Court. ....................................................... 15

        C.      Appellant Failed To Meet The Requirements Necessary To Obtain A Default Judgment. .......................... 17

iii

**III.**      **Appellees' Answer And Appellees' Motion For Summary Judgment Were Properly Filed, Since Filed Before Entry Of A Default.** ..................................................................19

**IV.**      **By Failing To Challenge The Grounds On Which The Trial Court Granted Final Summary Judgment, Appellant Waived Any Challenges.** ...............................................19

CONCLUSION AND PRAYER ...............................................24

RULE 9.4 CERTIFICATE OF COMPLIANCE ...................................25

CERTIFICATE OF SERVICE ...............................................25

APPENDIX ...............................................................26

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*$429.30 in U.S. Currency v. State*,
  896 S.W.2d 363 (Tex. App.—Houston [1st Dist.] 1995, no writ) ....................15

*In re $475,001.16*,
  96 S.W.3d 625 (Tex. App.—Houston [1st Dist.] 2002, no pet.)........................15

*4 Acres of Real Prop. & a One Story Wood Frame House, Green in
  Color, with Screened in Front Porch & Tin Roof Located on Said 4
  Acres v. State*,
  740 S.W.2d 494 (Tex. App.—Beaumont 1987, no writ) ............................15, 19

*AIS Services, LLC v. Mendez*,
  05-07-01224-CV, 2009 WL 2622391 (Tex. App.—Dallas Aug. 27,
  2009, no pet.) ......................................................................................................13

*Christus Health v. Quality Infusion Care, Inc.*,
  359 S.W.3d 719 (Tex. App.—Houston [1st Dist.] 2011, no pet.)......................23

*Conely v. Texas Bd. of Criminal Justice*,
  03-08-00293-CV, 2010 WL 1632972 (Tex. App.—Austin Apr. 22,
  2010, no pet.) ................................................................................................17, 20

*In re Davidson*,
  153 S.W.3d 490 (Tex. App.—Amarillo 2004, no pet.) .....................................13

*Davis v. Jefferies*,
  764 S.W.2d 559 (Tex. 1989) .......................................................................11, 15

*Davis v. West*,
  433 S.W.3d 101 (Tex. App.—Houston [1st Dist.] 2014, pet.
  denied)............................................................................................................8, 16

*Dolgencorp of Texas, Inc. v. Lerma*,
  288 S.W.3d 922 (Tex. 2009) .............................................................................11

*Dowell Schlumberger, Inc. v. Jackson*,
    730 S.W.2d 818 (Tex. App.—El Paso 1987, writ ref'd n.r.e.) ...........................15

*Galveston Wharf Co. v. Gulf, C. & S.F. Ry. Co.*,
    10 S.W. 537 (Tex. 1889)........................................................................22, 23

*Leffler v. JP Morgan Chase Bank, N.A.*,
    290 S.W.3d 384 (Tex. App.—El Paso 2009, no pet.) .......................................20

*Marquis Acquisitions, Inc. v. Steadfast Ins. Co.*,
    409 S.W.3d 808 (Tex. App.—Dallas 2013, no pet.) ........................................22

*In re Marriage of Eilers*,
    205 S.W.3d 637 (Tex. App.—Waco 2006, pet. denied) ...................................22

*McCullough v. Scarbrough, Medlin & Associates, Inc.*,
    435 S.W.3d 871 (Tex. App.—Dallas 2014, pet. denied)...................................23

*Mid-Century Ins. v. Ademaj*,
    243 S.W.3d 618 (Tex. 2007) ........................................................................8

*Midstate Envtl. Services, LP v. Peterson*,
    435 S.W.3d 287 (Tex. App.—Waco 2014, no pet.) .........................................18

*Mowbray v. Avery*,
    76 S.W.3d 663 (Tex. App.—Corpus Christi 2002, pet. struck) ........................23

*Nabors Corp. Services, Inc. v. Northfield Ins. Co.*,
    132 S.W.3d 90 (Tex. App.—Houston [14th Dist.] 2004, no pet.) .................8, 20

*Palacios v. Rayburn*,
    516 S.W.2d 292 (Tex. Civ. App.—Houston [1st Dist.] 1974, no
    writ)......................................................................................................17

*Plotkin v. Joekel*,
    304 S.W.3d 455 (Tex. App.—Houston [1st Dist.] 2009, pet.
    denied)..................................................................................................22

*Primate Const., Inc. v. Silver*,
    884 S.W.2d 151 (Tex. 1994) ..................................................................17, 18

*R.M. Dudley Const. Co., Inc. v. Dawson*,
    258 S.W.3d 694 (Tex. App.—Waco 2008, pet. denied) ...................................23

*Secure Comm, Inc. v. Anderson*,
  31 S.W.3d 428 (Tex. App.—Austin 2000, no pet.)..............................................20

*Thomas v. Gelber Group, Inc.*,
  905 S.W.2d 786 (Tex. App.—Houston [14th Dist.] 1995, no writ)...................15

*Unifund CCR Partners v. Smith*,
  05-07-01449-CV, 2009 WL 2712385 (Tex. App.—Dallas Aug. 31,
  2009, pet. dism'd)..............................................................................................13

*Wilen v. Falkenstein*,
  191 S.W.3d 791 (Tex. App.—Fort Worth 2006, pet. denied)............................21

## Statutes

TEX. R. APP. P. 33.1 ........................................................................................10, 11

TEX. R. APP. P. 38.1(g)...........................................................................................4

Tex. R. Civ. P. 38.2(a)(1)(B) ..................................................................................4

TEX. R. CIV. P. 107(b)(2), (b)(3), (b)(4)................................................................18

TEX. R. CIV. P. 166a(b) .........................................................................................19

TEX. R. CIV. P. 239................................................................................................15

_____

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN, TEXAS

_____

**ERMA J. MATTHEWS,**
**Appellant,**
**v.**
**JEROME SOLOMON C/O EPOCH FILMS, INC.,**
**MINDY GOLDBERG, AND OTHERS,**
**Appellees.**

_____

On Appeal from the 423rd Judicial District Court of Bastrop County, Texas
(Honorable Christopher D. Duggan, of the 423rd Judicial District Court, Presiding)
Trial Court Cause No. 423-3470

_____

**APPELLEES' BRIEF**

_____

TO THE HONORABLE COURT:

NOW COME Jerome Solomon and Mindy Goldberg, Appellees herein and

Defendants in the trial court below, and would respectfully show as follows:

**STATEMENT OF THE CASE**

Nature of the Case:  This case involves unsubstantiated claims of trespass,

unjust enrichment, and "implied contract" against Appellees Jerome Solomon and

Mindy Goldberg by Appellant Erma Matthews in connection with the filming of a

1

commercial at the Meyer's Elgin Smokehouse on May 9, 2014.[1] At the trial level, Appellant sought $40,000.00 in damages.[2]

Course of Proceedings: Appellant filed this action on November 6, 2014.[3] Despite Appellant's flawed attempt at proper service of process, Appellees filed their Special Exceptions, Original Answer, and Affirmative Defenses on June 2, 2015.[4] Between November 6, 2014 and June 2, 2015, Appellant never sought or obtained a default judgment.[5] On June 22, 2015, Appellees filed their Motion for Summary Judgment,[6] and thereafter filed objections to Appellant's summary judgment response and summary judgment evidence.[7]

Trial Court Disposition: On July 23, 2015, the trial court correctly struck Appellant's summary judgment response, summary judgment evidence, and issued an order granting Appellees final summary judgment.[8] Appellant filed this appeal on July 27, 2015.[9]

---

[1] C.R. at 7-20, 77.

[2] C.R. at 7.

[3] C.R. at 7-20.

[4] C.R. at 63-68. In Appellees' argument below, Appellees will show that service of process was not properly effectuated in this matter. *See infra* Part II.C.

[5] C.R. at 1-68.

[6] C.R. at 69-86.

[7] C.R. at 153-169, 182-187.

[8] C.R. at 188-190, 191-192, 193-194.

[9] C.R. at 198-199.

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant has not requested oral argument. Appellees agree that oral argument is not warranted, as the record, together with the controlling legal authority, unquestionably demonstrates why the Court should affirm the trial court's judgment.

**STATEMENT OF THE FACTS**

On November 6, 2014, Appellant filed suit against Appellees for trespass, unjust enrichment, and "implied contract" arising from the filming of a commercial at the Meyer's Elgin Smokehouse in Bastrop County, Texas.[10] Though Appellant's citation and return of service lacked several essential pieces of information (including a seal, the identity of the court in which Appellant's case was filed, and a valid description of the documents being served),[11] Appellees proceeded to file their Special Exceptions, Original Answer, and Affirmative Defenses on June 2, 2015 ("Appellees' Answer").[12] Prior to June 2, Appellant never moved for or made any request for a default judgment.[13] Even after Appellant purported to move for a default judgment on June 26, 2015 (after the filing of Appellees' Answer), Appellant never set her motion for hearing or sought

---

[10] C.R. at 7-20.

[11] C.R. at 22-25.

[12] C.R. at 63-68.

[13] C.R. at 1-62.

a ruling on her motion.[14]  Appellees proceeded to file their Motion for Summary Judgment on Appellant's causes of action, and, on July 23, 2015, the trial court issued an order granting Appellees final summary judgment.[15]

Because Appellees dispute the veracity of much of the "Statement of Facts" in Appellant's Brief on Appeal, it is necessary for Appellees to provide a detailed recitation of the trial court proceedings in sections A and B immediately below.[16]

## A.    Pre-Answer Trial Court Proceedings

Without curing the defects in her attempted service of process on Appellees, Appellant, on January 20, 2015, filed a "Motion and Notice of Hearing," asking the trial court to set a "non-hearing motion," or, in the alternative, a "non-jury hearing" (the "January 20th Motion").[17]  Nowhere in the January 20th Motion did Appellant move for a default judgment, request a hearing on a default judgment, or even indicate a desire for a default judgment.[18]  Moreover, no motions of any kind were pending with the trial court prior to the January 20th Motion.

Though the trial court initially denied the January 20th Motion,[19] it subsequently issued a Clarification Order where it (1) rescinded its previous order

---

[14] C.R. at 94-121.

[15] C.R. at 193-194.

[16] TEX. R. APP. P. 38.1(g), 38.2(a)(1)(B).

[17] C.R. at 26.

[18] C.R. at 26-31.

[19] C.R. at 32-37.

4

denying the January 20th Motion, (2) granted Appellant's request for a "non-jury hearing," (3) denied Appellant's request for a "non-hearing motion," and (4) ordered that a status hearing take place on April 9, 2015 in order to, among other things, determine any outstanding issues and the need for any future settings.[20]

In three subsequent filings, despite having requested and been granted a "non-jury hearing," Appellant insisted that the need for a status hearing be ruled "unnecessary."[21]  Similar to the January 20th Motion, none of the aforementioned filings sought a default judgment, requested a hearing on a default judgment, or made any reference to a default judgment.[22]  After Appellant's final request to cancel the status hearing, and after Appellant had moved to "recuse and/or disqualify" the Honorable Christopher D. Duggan,[23] the trial court acquiesced to Appellant's repeated requests and canceled the status hearing.[24]

On April 20, 2015, Appellant moved for the trial court to "charge 'trespassing' on Defendants for their offense,"[25] and, on May 15, 2015, Appellant

---

[20] C.R. at 38.

[21] C.R. at 39-42 ("I Erma J. Matthews, Plaintiff Pro Se, request that the need for a 'status hearing' be ruled unnecessary[.]"); C.R. 44-48 ("I, the undersigned, respectfully move this Court to take the following action(s) . . . (1) Rule the 'Status Hearing' set for 04/09/2015 unnecessary."); C.R. at 49-53 ("I, the undersigned, respectfully move this Court to take the following action(s) . . . (2) That the 'Status Hearing' be deemed unnecessary.").

[22] C.R. at 39-42, 44-48, 49-53.

[23] C.R. at 49-53.

[24] C.R. at 55.  Ultimately, Judge Duggan refused to recuse himself, and the Second Administrative Judicial Region issued an Order Denying Motion for Recusal.  C.R. at 54, 56.

[25] C.R. at 57-58.

requested a jury trial and moved for the enforcement of a "subpoena list."[26] Like all of her previous filings, neither of the aforementioned "motions" made any semblance of a request for a default judgment.[27]

## B. Post-Answer Trial Court Proceedings

On June 2, 2015, despite the defects in Appellant's service documents, Appellees filed Appellees' Answer, followed by their Motion for Summary Judgment on June 22, 2015.[28] Thereafter, Appellees promptly requested a setting on their Motion for Summary Judgment, obtained a setting, and issued a Notice of Hearing to Appellant for a hearing to be held on July 23, 2015.[29]

On June 26, 2015, Appellant filed "Plaintiff's Response to Both Defendant's Special Exceptions and Original Answers, and Plaintiff's Affirmative Defenses" (the "June 26th Response").[30] In the June 26th Response, Appellant made it abundantly clear that she had never requested a default judgment against Appellees prior to the filing of Appellees' Answer:

> In fact if it was not for the delay with the court Plaintiff could have and would have requested a "default judgment" against the Defendants.[31]

---

[26] C.R. at 59-60.

[27] C.R. at 57-60.

[28] C.R. at 63-68, 69-86.

[29] C.R. at 91-93.

[30] C.R. at 94-121.

[31] C.R. at 97.

6

And for the first time, Appellant – 24 days after the filing of Appellees' Answer – requested that the trial court allow "'judgment' and or 'default judgment'" against Appellees.[32]  Yet still, Appellant never requested that her June 26th Response, or her passing request for a default judgment contained therein, be set for a hearing.

On July 20, 2015 – just three days before the approaching hearing on Appellees' Motion for Summary Judgment – Appellant filed "Plaintiffs [sic] Motion for Summary/Default Judgment & Plaintiff [sic] Response and Defense to Defentants [sic] Motion for Summary Judgment" (the July 20th Motion).[33]  However, when Appellant subsequently requested a hearing, she only requested a hearing on her Motion for Summary Judgment.[34]

Thereafter, Appellees filed objections to Appellant's notice of hearing, as well as objections to Appellant's summary judgment response and summary judgment evidence.[35]  On July 23, 2015, the trial court struck Appellant's summary judgment response, summary judgment evidence, and issued an order granting Appellees final summary judgment.[36]  Appellant then filed her Notice of Appeal to the Third Court of Appeals on July 27, 2015.[37]

---

[32] C.R. at 103.

[33] C.R. at 122-130.

[34] C.R. at 131, 149-150.

[35] C.R. at 132-148, 153-169, 182-187.

[36] C.R. at 188-190, 191-192, 193-194.

[37] C.R. at 198-199.

## STANDARD OF REVIEW

### A.      Default Judgment

Denial of a motion for default judgment is reviewed under an abuse of discretion standard.[38]  While the determination of factual matters is "left to the sound discretion of the trial court," a trial court "abuses its discretion when it fails to analyze or apply the law correctly."[39]

### B.      Summary Judgment

A traditional motion for summary judgment is reviewed on appeal de novo.[40]  Nonetheless, "[w]hen a trial court's summary judgment rests upon more than one independent ground, . . . the aggrieved party must assign error to each ground or the judgment will be affirmed on any ground not complained of."[41]

## SUMMARY OF THE ARGUMENT

Without making a single, specific challenge to the grounds upon which the trial court rendered final summary judgment, Appellant – absent any basis in law or fact – complains that the trial court committed error by failing to enter a default judgment in her favor.  At the outset, it must be noted that Appellant's failure to challenge each of the grounds upon which the trial court may have granted

---

[38] *Davis v. West*, 433 S.W.3d 101, 108 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

[39] *Id.*

[40] *Mid-Century Ins. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007).

[41] *Nabors Corp. Services, Inc. v. Northfield Ins. Co.*, 132 S.W.3d 90, 95 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

summary judgment results in a de facto waiver of any such challenge, requiring this Court to affirm the trial court's judgment.[42]

As for Appellant's assertions concerning the trial court's purported failure to enter a default judgment in her favor, this Court should reject those arguments for the following reasons:

- ***First***, because Appellant failed to timely request a default judgment against Appellees and failed to afford the trial court an opportunity to rule on any such request, Appellant failed to preserve error. Since Appellant's entire appeal rests upon a purported failure to enter a default judgment, this Court should affirm the trial court's judgment on this basis alone.

- ***Second***, even if this Court finds that Appellant did preserve error, the trial court lost any power to enter a default judgment when Appellees filed Appellees' Answer prior to the rendition of a default judgment, even if Appellees filed their answer late.

- ***Third***, assuming, arguendo, that Appellant had requested a default judgment before the filing of Appellees' Answer (which Appellant had not),

---

[42] Appellant's strict focus on procedural issues on appeal masks the specious nature of her actual claims in the court below. At the trial level, the trial court correctly granted Appellees final summary judgment because the evidence, together with established legal precedent, demonstrated that Appellant's allegations of trespass, unjust enrichment, and "implied contract" had no basis in law or fact. Though Appellant chooses to gloss over the merits of her lawsuit on appeal, the record is replete with evidence supporting the trial court's grant of final summary judgment. *See infra* Part IV.

Appellees' Answer mooted any such request, as well as any allegation of delay on the part of the trial court in ruling on the request.

- *Fourth*, assuming further that Appellant had timely requested a default judgment and successfully sought a ruling from the trial court, the trial court would have been compelled to deny the default judgment due to the issuance of a defective citation and return of service.

- *Fifth*, any argument that the trial court erred in allowing the filing of Appellees' Answer or Appellees' Motion for Summary Judgment due to the timing of the pleadings defies long-established Texas case law, as well as the plain language of the Texas Rules of Civil Procedure.

## ARGUMENT AND AUTHORITIES

### I. Appellant Failed To Preserve Error Concerning The Trial Court's Alleged "Failure" To Enter A Default Judgment.

Because Appellant's entire appeal depends on whether the trial court should have entered a default judgment against Appellees, and because Appellant failed to preserve the issue for appeal, this Court should reject Appellant's assertions. To preserve a complaint for appellate review, a party must make the complaint to the trial court "by a timely request, objection, or motion."[43] Preservation also requires that the record show one of three things: (1) an express ruling by the trial court,

---

[43] TEX. R. APP. P. 33.1(a)(1).

10

(2) an implicit ruling, or (3) a refusal to rule by the trial court, coupled with an objection to that refusal by the complaining party.[44]

Appellant failed to preserve error pursuant to each of the aforementioned requirements. To begin with, a "default judgment may not be rendered after the defendant has filed an answer."[45] Because Appellant failed to request a default judgment prior to the filing of Appellees' Answer,[46] any subsequent request by Appellant was untimely and insufficient. Tellingly, in her June 26th Response to Appellees' Answer, Appellant admitted that she never requested a default judgment prior to the filing of Appellees' Answer.[47] Thus, Appellant failed to preserve error by failing to make a timely request for a default judgment.[48]

---

[44] TEX. R. APP. P. 33.1(a)(2).

[45] *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989). While Appellees acknowledge the existence of a post-answer default judgment under Texas law, Appellant's Brief on Appeal clearly demonstrates that her complaints arise from the trial court's failure to enter a no-answer default judgment. *See* Appellant's Brief on Appeal at pp. 3-6. In any case, a post-answer default judgment could not apply to the facts of this case because "[a] post-answer default judgment occurs when a defendant who has answered fails to appear for trial." *Dolgencorp of Texas, Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009). At the trial level, the only trial or dispositive hearing that was held was the trial court's hearing on Appellees' Motion for Summary Judgment, at which Appellees appeared and prevailed.

[46] C.R. at 1-62 (entirety of Clerk's Record prior to the filing of Appellees' Answer).

[47] C.R. at 97 ("In fact if it was not for the delay with the court Plaintiff could have and would have requested a 'default judgment' against the Defendants.").

[48] In her Brief on Appeal, while Appellant purports to have requested a default judgment in her January 20th Motion, the January 20th Motion contains no semblance of a request for a default judgment – only a request for a "non-hearing motion" and a "non-jury hearing." C.R. at 26-31. In fact, when the trial court granted Appellant's request for a "non-jury hearing" and set Appellant's case for a status hearing in order to determine any outstanding issues (and presumably to determine what exactly Appellant meant by "non-hearing motion" and "non-jury hearing"), the trial court was met with three subsequent filings where Appellant demanded that

11

Separate and apart from Appellant's failure to timely request a default judgment, Appellant failed to preserve error by never affording the trial court an opportunity to rule on any request for a default judgment. In her June 26th Response (over three weeks after the filing of Appellees' Answer), Appellant – for the first time – requested that the trial court enter "'judgment' and or 'default judgment'" against Appellees.[49] However, Appellant never requested a hearing on the subject matter of her June 26th Response. Moreover, on July 20, 2015, Appellant filed "Plaintiffs [sic] Motion for Summary/Default Judgment & Plaintiff [sic] Response and Defense to Defentants [sic] Motion for Summary Judgment" (the July 20th Motion).[50] Yet again, when Appellant requested a hearing on the July 20th Motion, she only requested a hearing on her Motion for Summary Judgment.[51]

In this case, the record is devoid of an express ruling on any request for default judgment filed by Appellant. Furthermore, the trial court did not refuse to

---

the court deem the status hearing "unnecessary." C.R. at 38, 39-42, 44-48, 49-53. The trial court ultimately canceled the hearing. C.R. at 55.

[49] C.R. at 103.

[50] C.R. at 122-130.

[51] C.R. at 131, 149-150.

rule on a request for default judgment because no such motion or request was ever presented to the trial court.[52]

Finally, the trial court never implicitly ruled on Appellant's purported requests for a default judgment. An implicit ruling "is one that is unstated but can be inferred from something else."[53] An essential element of an implicit ruling is "awareness by the trial judge of the request or motion that is supposedly being ruled on."[54] However, "the filing of a motion, without more, does not give rise to an inference that the trial court is actually aware of it."[55] In at least one lawsuit, where an order of dismissal for want of prosecution did not refer to a previously filed motion for default judgment, the record did not demonstrate that "the trial court was actually aware of [the] motion for default judgment when it dismissed the case," and error was not preserved as to the motion for default judgment.[56]

---

[52] Merely "[s]howing that a motion was filed with [a] court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling." *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, no pet.). If anything, the trial court exhibited a willingness to hear any outstanding issues in Appellant's case when it set the case for a status hearing, yet Appellant rebuked the trial court's efforts on three separate occasions, until the trial court ultimately relented and canceled the status hearing. C.R. at 38, 39-42, 44-48, 49-53, 55.

[53] *AIS Services, LLC v. Mendez*, 05-07-01224-CV, 2009 WL 2622391, at *1 (Tex. App.—Dallas Aug. 27, 2009, no pet.).

[54] *Id.* at *2.

[55] *Id.*

[56] *Id.* at *2-3; *see also Unifund CCR Partners v. Smith*, 05-07-01449-CV, 2009 WL 2712385, at *2 (Tex. App.—Dallas Aug. 31, 2009, pet. dism'd) ("An order dismissing a case for want of prosecution does not constitute an implicit ruling denying a pending motion for default judgment when, as in this case, the record does not demonstrate that the motion for default judgment was

13

Because Appellant failed to timely request a default judgment against Appellees and failed to afford the trial court an opportunity to rule on any such request, Appellant failed to preserve error. For these reasons, this Court should affirm the trial court's judgment.

## II. Even If Appellant Had Preserved Error, The Trial Court Had No Power To Issue A Default Judgment Against Appellees.

In the unlikely event this Court finds Appellant preserved error at the trial court level, the Court must still reject Appellant's assertions regarding any failure of the trial court to enter a default judgment for three distinct reasons: First, the trial court lost any power to enter a default judgment after the filing of Appellees' Answer. Second, Appellees' Answer rendered Appellant's complaint moot. Third, Appellant failed to meet the legal requirements to obtain a default judgment.

### A. The Trial Court Had No Power To Enter A Default Judgment After The Filing Of Appellees' Answer, Even If Filed Late.

With unmistakable clarity, the record shows that the trial court never entered a default judgment prior to the filing of Appellees' Answer (or at any other point in the underlying litigation).[57] Under Texas law, a court may not enter a no-answer default judgment against a defendant after the defendant files an answer, even if

---

brought to the trial court's attention and the dismissal order does not address or acknowledge the motion for default judgment.").

[57] C.R. at 1-62 (entirety of Clerk's Record prior to the filing of Appellees' Answer); C.R. at 63-227) (remainder of the Clerk's Record after the filing of Appellees' Answer).

14

the answer is filed late.[58]  Upon the filing of Appellees' Answer on June 2, 2015,

the trial court, in effect, lost any power to render a default judgment based on a

failure to answer.  Therefore, Appellant cannot complain the trial court erred in

failing to grant any subsequent requests for a default judgment.

**B.      Even If Appellant Had Requested A Default Judgment Before The Filing Of Appellees' Answer, Appellees' Answer Mooted Any Such Request As Well As Any Allegations Of Delay On The Part Of The Trial Court.**

In Appellant's Brief on Appeal, Appellant seemingly argues that the trial

court's delay in hearing and/or ruling on her request for default judgment was

reversible error.  However, any such argument fails at the starting gate because

Appellant never requested a default judgment prior to the filing of Appellees'

---

[58] *See* TEX. R. CIV. P. 239 ("Upon such call of the docket, or at any time after defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant **if he has not previously filed an answer**[.]") (emphasis added); *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (where a defendant filed a late answer on the same day a default judgment was rendered against the defendant (but before the default was actually rendered), "the default judgment rendered by the trial court was erroneous" because "[a] default judgment may not be rendered after the defendant has filed an answer"); *Dowell Schlumberger, Inc. v. Jackson*, 730 S.W.2d 818 (Tex. App.—El Paso 1987, writ ref'd n.r.e.) (a trial court cannot enter a default judgment when an answer is on file, even if the answer was filed late); *4 Acres of Real Prop. & a One Story Wood Frame House, Green in Color, with Screened in Front Porch & Tin Roof Located on Said 4 Acres v. State*, 740 S.W.2d 494, 497 (Tex. App.—Beaumont 1987, no writ) (same proposition); *In re $475,001.16*, 96 S.W.3d 625, 627 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (same proposition); *$429.30 in U.S. Currency v. State*, 896 S.W.2d 363, 365 (Tex. App.—Houston [1st Dist.] 1995, no writ) (same proposition); *Thomas v. Gelber Group, Inc.*, 905 S.W.2d 786, 788 (Tex. App.—Houston [14th Dist.] 1995, no writ) (same proposition).

15

Answer,[59] and, as previously stated, a court is powerless to render a default judgment after the filing of an answer, even if the answer is filed late.[60]

Moreover, even if Appellant had properly requested a default judgment prior to the filing of Appellees' Answer and was truly concerned with the trial court's delay in ruling on her request, any complaint regarding the court's timing was rendered moot upon the filing of Appellees' Answer.[61] In *Conely v. Texas Board of Criminal Justice*, the Third Court of Appeals applied the same logic:

> In his second issue, Conely asserts that the district court committed fundamental error by failing to grant his motion for default judgment against Moore and Puente . . . Conely argues that he filed his motion on January 25, 2007, and the district court improperly "waited until defendants filed a written answer before it ruled on [his] default motion." Conely cites no authority to support his contention that the district court was required to act on his motion before February 2, 2007. Moreover, there is nothing in the clerk's record to indicate that Conely requested that the motion be set for a hearing. **In any event, even when a district court refuses to rule on a motion for default judgment, once an answer has been filed, any complaints**

---

[59] C.R. at 1-62 (entirety of Clerk's Record prior to the filing of Appellees' Answer); *see also supra* note 48 (disputing Appellant's purported claim to have requested a default judgment prior to the filing of Appellees' Answer).

[60] *See supra* note 58.

[61] *See Davis v. West*, 433 S.W.3d 101, 108-09 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) ("Davis also argues that her right to a default judgment was prejudiced by the trial court's delay in ruling until after HRS filed an answer. We disagree. 'At any time before a judgment by default has been actually announced by the court, a defendant has the right to file his answer.' 'Once an answer is on file, even if it is filed after the due date, the district court may not render a no-answer default judgment.' HRS's answer made Davis's timing complaint moot.") (internal citations omitted).

16

**regarding the district court's prior failure to act are rendered moot**.[62]

Thus, Appellant's complaint regarding the trial court's failure to rule on her request for default judgment (which was non-existent to begin with) is not ripe for appeal because Appellees' Answer rendered the issue moot.

### C. Appellant Failed To Meet The Requirements Necessary To Obtain A Default Judgment.

Assuming, arguendo, that Appellant had (a) requested a default judgment prior to the filing of Appellees' Answer and (b) obtained mandamus relief requiring the trial court to rule on her request, the trial court would have had no choice but to deny Appellant's request due to the issuance of a defective citation and return of service.

The decision of whether or not to issue default judgment is within the trial court's discretion.[63] However, when a default judgment is attacked on appeal, the record must affirmatively demonstrate "strict compliance with the rules for service of citation."[64] Moreover, "[t]here are no presumptions in favor of valid issuance, service, and return of citation in the face of a writ of error attack on a default

---

[62] *Conely v. Texas Bd. of Criminal Justice*, 03-08-00293-CV, 2010 WL 1632972, at *2 (Tex. App.—Austin Apr. 22, 2010, no pet.) (emphasis added and internal citations omitted); *Palacios v. Rayburn*, 516 S.W.2d 292, 294 (Tex. Civ. App.—Houston [1st Dist.] 1974, no writ) (plaintiff's petition for writ of mandamus against trial court judge who refused to grant default judgment against non-answering defendant rendered moot when defendant filed answer).

[63] *Palacios*, 516 S.W.2d at 294 ("In determining whether or not a default judgment should be entered, the trial judge is required to ascertain the sufficiency of the petition and process . . . We cannot compel the trial judge to exercise this function in a particular way.").

[64] *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994).

judgment."[65]  It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished, and "[t]his responsibility extends to seeing that service is properly reflected in the record."[66]  "Virtually any deviation from the requisites of statutes and Rules of Civil Procedure for service of process will destroy a default judgment."[67]

In the present matter, the following defects exist in regard to service of process: (1) the lack of a seal on the citation renders the citation invalid;[68] and (2) the return of service fails to identify (a) the court in which the case was filed, (b) what was served, or (c) the specific time the process was received for service.[69]  In effect, even if Appellant had sought a default judgment and successfully obtained mandamus relief ordering the trial court to rule on her request for default judgment, the trial court would have been compelled to deny the request.

---

[65] *Id.*

[66] *Id.* at 153.

[67] *Midstate Envtl. Services, LP v. Peterson*, 435 S.W.3d 287, 289 (Tex. App.—Waco 2014, no pet.).

[68] C.R. at 22-23; *Midstate Envtl. Services*, 435 S.W.3d at 290 ("One of the most glaring defects as to the citation is the lack of a seal. While language in the citation recites that it was 'issued and given under my hand *and seal of said court* ...' (emphasis added), there is no seal visible on the copy of the original citation in the clerk's record. The citation 'shall ... be signed by the clerk under seal of court...' Tex. R. Civ. P. 99(b)(2). Because we cannot presume a seal exists on the citation, the absence of a seal renders the original citation invalid.").

[69] C.R. at 22-25; Tex. R. Civ. P. 107(b)(2), (b)(3), (b)(4).

**III.    Appellees' Answer And Appellees' Motion For Summary Judgment Were Properly Filed, Since Filed Before Entry Of A Default.**

Without citing any authority, Appellant argues that the trial court erred in allowing Appellees to file Appellees' Answer and Appellees' Motion for Summary Judgment after Appellees' answer date had passed.[70]    That argument is wholly without merit.    With regard to Appellees' Answer, "[i]t is well established that even though the time for filing an answer has expired, a defendant may file an answer if the trial court has not entered judgment."[71]    And, since the trial court never issued a scheduling order governing dispositive motion deadlines and Appellees complied with the timing procedures set forth in Texas Rule of Civil Procedure 166a for summary judgments, Appellant cannot complain that Appellees' Motion for Summary Judgment was untimely.[72]

**IV.    By Failing To Challenge The Grounds On Which The Trial Court Granted Final Summary Judgment, Appellant Waived Any Challenges.**

Because Appellant has failed to challenge any of the grounds on which the trial court may have granted final summary judgment, Appellant has waived any challenge to the final summary judgment, and this Court must affirm the judgment.

---

[70] *See* Appellant's Brief on Appeal at p. 6.

[71] *4 Acres of Real Prop.*, 740 S.W.2d at 497; *see also supra* note 58.

[72] TEX. R. CIV. P. 166a(b) ("A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, **at any time**, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.") (emphasis added).

Where, as in this case, the trial court grants a general summary judgment that does not specify the grounds on which it was granted, the summary judgment must be affirmed unless the appellant "negate[s] each ground on which the judgment may have been rendered."[73] Said another way, "[w]hen a ground upon which summary judgment may have been rendered, whether properly or improperly, is not challenged, the judgment must be affirmed."[74]

In Appellees' Motion for Summary Judgment, Appellees raised the following grounds for summary judgment, not one of which was specifically challenged in Appellant's Brief on Appeal:

**A.** *Trespass.* Appellant's claim for trespass fails as a matter of law because the summary judgment record proves that Appellant cannot satisfy any of the essential elements of a trespass claim:

1. First, the Bastrop County deed records, as well as a title certificate from Independence Title Company, prove that

---

[73] *Leffler v. JP Morgan Chase Bank, N.A.*, 290 S.W.3d 384, 386 (Tex. App.—El Paso 2009, no pet.); *see also Nabors Corp. Services*, 132 S.W.3d at 95 ("[W]hen a trial court's summary judgment rests upon more than one independent ground, [ ] the aggrieved party must assign error to each ground or the judgment will be affirmed on any ground not complained of."); *Secure Comm, Inc. v. Anderson*, 31 S.W.3d 428, 430-31 (Tex. App.—Austin 2000, no pet.) (same proposition); *Conely*, 2010 WL 1632972, at *1 (same proposition); C.R. at 193-194 (Final Summary Judgment).

[74] *Leffler*, 290 S.W.3d at 386.

Appellant does not own or have the legal right to possess the real property in dispute as required under Texas law;[75]

2. Second, Appellees' sworn affidavit testimony establishes that Appellees have never entered the real property in dispute (or even the city in which the property is located);[76] and

3. Third, because Appellant cannot prove that Appellees ever set foot on the disputed property, Appellant cannot prove any injury or damages resulting from Appellees' alleged trespass.[77]

**B.** ***Implied-in-fact contract.*** As Appellant cannot establish any of the prerequisites for an implied-in-fact contract,[78] any claim premised on an implied-in-fact contract fails as a matter of law:

1. Because neither of Appellees has ever spoken, corresponded or otherwise communicated with Appellant (other than any communications arising from the trial court litigation),

---

[75] *See Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex. App.—Fort Worth 2006, pet. denied) ("To recover damages for trespass to real property, a plaintiff must prove that (1) the plaintiff owns or has a lawful right to possess real property, (2) the defendant entered the plaintiff's land and the entry was physical, intentional, and voluntary, and (3) the defendant's trespass caused injury to the plaintiff."); C.R. at 71-72, 82-86.

[76] *See Wilen*, 191 S.W.3d at 798; C.R. at 72, 77-81.

[77] *See Wilen*, 191 S.W.3d at 798.

[78] In Appellant's petition, Appellant failed to state whether she sought damages based on an implied-in-fact contract or an implied-in-law contract, just an "implied contract." C.R. at 9. Therefore, in Appellees' Motion for Summary Judgment, Appellees proved, as a matter of law, that Appellant could not prevail on either theory. C.R. at 72-74.

Appellees could not have manifested the intent necessary to form an implied-in-fact contract;[79] and

2.      Since no implied-in-fact contract ever existed between the parties, (a) Appellant could not have performed any contract, (b) Appellees could not have breached any contract, and (c) Appellant could not have sustained injury from the breach of any contract.[80]

**C.**     ***Implied-in-law contract.*** Under Texas law, trespass to real property is expressly excluded from the class of cases where a contract may be implied in law.[81] To be certain, Appellant's entire lawsuit – including her cause of action for "implied contract" – revolves around an alleged trespass to real property.[82] Thus, even if Appellant pled a

---

[79] C.R. at 77-81 (affidavits of Appellees); *see also In re Marriage of Eilers*, 205 S.W.3d 637, 641 (Tex. App.—Waco 2006, pet. denied) (an implied-in-fact contract exists when the facts and circumstances surrounding the parties' relationship imply a mutual intention to contract); *Plotkin v. Joekel*, 304 S.W.3d 455, 476 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (as "[t]he elements of a contract, express or implied, are identical," "the elements of either type of contract are (1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding").

[80] *Marquis Acquisitions, Inc. v. Steadfast Ins. Co.*, 409 S.W.3d 808, 813 (Tex. App.—Dallas 2013, no pet.) (elements of a breach of contract claim).

[81] *See Galveston Wharf Co. v. Gulf, C. & S.F. Ry. Co.*, 10 S.W. 537, 538 (Tex. 1889) ("A contract necessarily requires the consent of both parties, except in a small group of cases, where the law implies the consent of the party sought to be charged; but the occupation of land without the consent of the owner is not one of this class.").

[82] C.R. at 7-20 (Appellant's petition).

22

cause of action premised on an implied-in-law contract, any such cause of action necessarily fails as a matter of law.

    **D.**    *Unjust Enrichment.*  Because unjust enrichment is not a valid cause of action in its own right, Appellant's cause of action for unjust enrichment fails as a matter of law.[83] Even if unjust enrichment were a valid cause of action, Appellant's claim still fails as a matter of law because unjust enrichment exists only as a legal theory (as distinguished from a cause of action) under the umbrella of implied-in-law contracts,[84] which – as stated above – are not available as a recourse against trespasses to real property.[85]

Thus, because Appellant failed to challenge any of the above-mentioned grounds upon which the trial court may have granted final summary judgment, Appellant has waived any challenge, and this Court must affirm the trial court's judgment.

---

[83] *See McCullough v. Scarbrough, Medlin & Associates, Inc.*, 435 S.W.3d 871, 891 (Tex. App.—Dallas 2014, pet. denied) ("We note that unjust enrichment is not an independent claim."); *R.M. Dudley Const. Co., Inc. v. Dawson*, 258 S.W.3d 694, 703 (Tex. App.—Waco 2008, pet. denied) ("Unjust enrichment, itself, is not an independent cause of action[.]"); *Mowbray v. Avery*, 76 S.W.3d 663, 679 (Tex. App.—Corpus Christi 2002, pet. struck) (same proposition).

[84] *See Christus Health v. Quality Infusion Care, Inc.*, 359 S.W.3d 719, 722-23 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("Unjust enrichment is an implied-contract theory stating one should make restitution when it would be unjust to retain benefits received."); *R.M. Dudley Const. Co., Inc.*, 258 S.W.3d at 703 (same proposition); *McCullough*, 435 S.W.3d at 891 (same proposition).

[85] *Galveston Wharf Co.*, 10 S.W. at 538.

## CONCLUSION AND PRAYER

For the aforementioned reasons, Appellees respectfully ask the Court to overrule Appellant's issues on appeal and to affirm the trial court's judgment.

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: */s/ Noah M. Galton*
Robert P. Latham
State Bar No. 11975500
blatham@jw.com
Noah M. Galton
State Bar No. 24078531
ngalton@jw.com
**Jackson Walker L.L.P.**
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000 – Telephone
(512) 236-2002 – Fax

ATTORNEYS FOR APPELLEES
JEROME SOLOMON AND MINDY
GOLDBERG

## RULE 9.4 CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of TEX. R. APP. P. 9.4(i), if applicable, because it contains 5,649 words, excluding any parts exempted by TEX. R. APP. P. 9.4(i)(1).

*/s/ Noah M. Galton*

Noah M. Galton

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of December, 2015, a true and correct copy of the above and foregoing document was electronically mailed to the parties registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this Court and/or via certified mail, return receipt requested upon:

Erma J. Matthews, Pro Se
25491 Beresford Drive
South Riding, VA  20152
Facsimile: 571-933-8413

*/s/ Noah M. Galton*

Noah M. Galton

25

_____

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN, TEXAS

_____

**ERMA J. MATTHEWS,**
**Appellant,**
**v.**
**JEROME SOLOMON C/O EPOCH FILMS, INC.,**
**MINDY GOLDBERG, AND OTHERS,**
**Appellees.**

On Appeal from the 423rd Judicial District Court of Bastrop County, Texas
(Honorable Christopher D. Duggan, of the 423rd Judicial District Court, Presiding)
Trial Court Cause No. 423-3470

_____

**APPENDIX**

1. Order on Defendants' Objection to and Motion to Strike Plaintiff's Summary Judgment Response and Summary Judgment Evidence

2. Order on Defendants' Objection to Affidavit of Erma J. Matthews

3. Final Summary Judgment

4. TEX. R. APP. P. 33.1(a)

5. TEX. R. CIV. P. 107

6. TEX. R. CIV. P. 166a

7. TEX. R. CIV. P. 239

APPENDIX TAB 1

CAUSE NO. 423-3470

| | | |
|---|---|---|
| ERMA J. MATTHEWS C/O THE MATTHEWS FAMILY | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § § | BASTROP COUNTY, TEXAS |
| JEROME SOLOMON C/O EPOCH FILMS, INC., MINDY GOLDBERG AND OTHERS | § § § | 423RD JUDICIAL DISTRICT |
| Defendants. | § § | |

## ORDER ON DEFENDANTS' OBJECTION TO AND MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT RESPONSE AND SUMMARY JUDGMENT EVIDENCE

After considering Defendants' Objection to and Motion to Strike Plaintiff's Summary Judgment Response and Summary Judgment Evidence, the Court orders as follows:

IT IS ORDERED that Plaintiff's Response and Defense to Defendants' Motion for Summary Judgment, including any and all exhibits attached thereto, are struck from the summary judgment record as untimely.

IT IS FURTHER ORDERED that each exhibit to Plaintiff's Response and Defense to Defendants' Motion for Summary Judgment (the "Response") is struck from the summary-judgment record as inadmissible where the objection is sustained below:

1.  Exhibit A to the Response:    SUSTAINED __X__    OVERRULED _____

2.  Exhibit B to the Response:    SUSTAINED __X__    OVERRULED _____

3.  Exhibit C to the Response:    SUSTAINED __X__    OVERRULED _____

4.  Exhibit D to the Response:    SUSTAINED __X__    OVERRULED _____

5.  Exhibit E to the Response:    SUSTAINED __X__    OVERRULED _____

6.  Exhibit F to the Response:    SUSTAINED __X__    OVERRULED _____

1

14110135v.1 141486/00003

7. Exhibit G to the Response:     SUSTAINED ___X___     OVERRULED _____

SIGNED this ___23RD___ day of ___July___, 2015.

JUDGE PRESIDING

2

APPROVED AS TO FORM

**JACKSON WALKER L.L.P.**

By: _____/s/ Noah M. Galton_____
Robert P. Latham - State Bar No. 11975500
Noah M. Galton - State Bar No. 24078531

100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 - Fax
Email: ngalton@jw.com

ATTORNEYS FOR JEROME SOLOMON
AND MINDY GOLDBERG

3



APPENDIX TAB 2

Sarah Loucks, District Clerk
Bastrop County, Texas
By: Sharon Schimank, Deputy

CAUSE NO. 423-3470

| | | |
|---|---|---|
| ERMA J. MATTHEWS C/O THE MATTHEWS FAMILY | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| vs. | § | BASTROP COUNTY, TEXAS |
| JEROME SOLOMON C/O EPOCH FILMS, INC., MINDY GOLDBERG AND OTHERS | § | 423RD JUDICIAL DISTRICT |
| Defendants. | § | |

**ORDER ON DEFENDANTS' OBJECTION TO
AFFIDAVIT OF ERMA J. MATTHEWS**

After considering Defendants' Objection to Affidavit of Erma J. Matthews, the Court orders as follows:

IT IS ORDERED that the Affidavit of Erma J. Matthews is struck from the summary judgment record.

SIGNED this _____23rd_____ day of _____July_____, 2015.

_____
JUDGE PRESIDING

1

14119051v.2

APPROVED AS TO SUBSTANCE AND FORM

**JACKSON WALKER L.L.P.**


By:    /s/ Noah M. Galton
Robert P. Latham - State Bar No. 11975500
Noah M. Galton - State Bar No. 24078531

100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 - Fax
Email: ngalton@jw.com

ATTORNEYS FOR JEROME SOLOMON
AND MINDY GOLDBERG

14119051v.2

APPENDIX TAB 3

CAUSE NO. 423-3470

| | | |
|---|---|---|
| ERMA J. MATTHEWS C/O THE MATTHEWS FAMILY | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § § | BASTROP COUNTY, TEXAS |
| JEROME SOLOMON C/O EPOCH FILMS, INC., MINDY GOLDBERG AND OTHERS | § § § | 423RD JUDICIAL DISTRICT |
| Defendants. | § | |

## FINAL SUMMARY JUDGMENT

On July 23, 2015, the Court heard Defendants' Motion for Summary Judgment (the "Motion"). The Court, after examining the pleadings timely filed, the Motion, and the summary judgment evidence admitted for consideration,[1] determined that Defendants are entitled to summary judgment as follows:

IT IS ORDERED that Plaintiff Erma J. Matthews c/o the Matthews Family ("Plaintiff") take nothing against Defendants Jerome Solomon c/o Epoch Films, Inc., Mindy Goldberg, and Others, that all claims asserted by Plaintiff are denied, and that all costs of court be taxed against Plaintiff.

All relief requested in this case and not expressly granted is DENIED.

This judgment finally disposes of all parties and claims.

SIGNED this ___23rd_____ day of _____July_____, 2015.

_____

JUDGE PRESIDING

---

[1] Pursuant to this Court's Order on Defendants' Objection to and Motion to Strike Plaintiff's Summary Judgment Response and Summary Judgment Evidence, this Court has separately struck Plaintiff's Response and Defense to Defendants' Motion for Summary Judgment (the "Response"), including any and all exhibits attached thereto, as untimely. In addition to striking the Response and any and all exhibits attached thereto as untimely, this Court has also struck Exhibits A, B, C, D, E, F and G to Plaintiff's Response as inadmissible.

1

14109429v.1 141486/00003

APPROVED AS TO SUBSTANCE AND FORM

**JACKSON WALKER L.L.P.**

By:____/s/ Noah M. Galton_____
Robert P. Latham - State Bar No. 11975500
Noah M. Galton - State Bar No. 24078531

100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 - Fax
Email: ngalton@jw.com

ATTORNEYS FOR JEROME SOLOMON
AND MINDY GOLDBERG

2

APPENDIX TAB 4

Vernon's Texas Rules Annotated
  Texas Rules of Appellate Procedure
    Section Two. Appeals from Trial Court Judgments and Orders (Refs & Annos)
      Rule 33. Preservation of Appellate Complaints (Refs & Annos)

TX Rules App.Proc., Rule 33.1

33.1. Preservation; How Shown

Currentness

(a) *In General.* As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

(b) *Ruling by Operation of Law.* In a civil case, the overruling by operation of law of a motion for new trial or a motion to modify the judgment preserves for appellate review a complaint properly made in the motion, unless taking evidence was necessary to properly present the complaint in the trial court.

(c) *Formal Exception and Separate Order Not Required.* Neither a formal exception to a trial court ruling or order nor a signed, separate order is required to preserve a complaint for appeal.

(d) *Sufficiency of Evidence Complaints in Nonjury Cases.* In a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence--including a complaint that the damages found by the court are excessive or inadequate, as distinguished from a complaint that the trial court erred in refusing to amend a fact finding or to make an additional finding of fact--may be made for the first time on appeal in the complaining party's brief.

**Credits**
Eff. Sept. 1, 1997. Amended by Supreme Court Dec. 23, 2002, eff. Jan. 1, 2003.

Rules App. Proc., Rule 33.1, TX R APP Rule 33.1

Rules of Civil Procedure, Rules of Evidence, and Rules of Appellate Procedure are current with amendments received through September 1, 2015. Bar Rules, Rules of Disciplinary Procedure, Code of Judicial Conduct, and Rules of Judicial Administration are current with amendments received through September 1, 2015. Other state court rules and selected county rules are current with rules verified through June 1, 2015.

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

APPENDIX TAB 5

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 5. Citation (Refs & Annos)

TX Rules of Civil Procedure, Rule 107

Rule 107. Return of Service

Currentness

(a) The officer or authorized person executing the citation must complete a return of service. The return may, but need not, be endorsed on or attached to the citation.

(b) The return, together with any document to which it is attached, must include the following information:

  (1) the cause number and case name;

  (2) the court in which the case is filed;

  (3) a description of what was served;

  (4) the date and time the process was received for service;

  (5) the person or entity served;

  (6) the address served;

  (7) the date of service or attempted service;

  (8) the manner of delivery of service or attempted service;

(9) the name of the person who served or attempted to serve the process;

(10) if the person named in (9) is a process server certified under order of the Supreme Court, his or her identification number and the expiration date of his or her certification; and

(11) any other information required by rule or law.

(c) When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature.

(d) When the officer or authorized person has not served the citation, the return shall show the diligence used by the officer or authorized person to execute the same and the cause of failure to execute it, and where the defendant is to be found, if ascertainable.

(e) The officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____ (First) _____ (Middle) _____ (Last), my date of birth is _____, and my address is _____ (Street), _____ (City), _____ (State), _____ (Zip Code), and _____ (Country). I declare under penalty of perjury that the foregoing is true and correct.

Executed in _____ County, State of _____, on the ___ day of _____ (Month), ___ (Year).

.............................................................................................................................................................

Declarant"

(f) Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court.

(g) The return and any document to which it is attached must be filed with the court and may be filed electronically or by facsimile, if those methods of filing are available.

(h) No default judgment shall be granted in any cause until proof of service as provided by this rule or by Rules 108 or 108a, or as ordered by the court in the event citation is executed by an alternative method under Rule 106, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment.

**Credits**

Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of July 11, 1977, eff. Jan. 1, 1978; June 10, 1980, eff. Jan. 1, 1981; July 15, 1987, eff. Jan. 1, 1988; April 24, 1990, eff. Sept. 1, 1990; Dec. 12, 2011, eff. Jan. 1, 2012.

Vernon's Ann. Texas Rules Civ. Proc., Rule 107, TX R RCP Rule 107

Rules of Civil Procedure, Rules of Evidence, and Rules of Appellate Procedure are current with amendments received through September 1, 2015. Bar Rules, Rules of Disciplinary Procedure, Code of Judicial Conduct, and Rules of Judicial Administration are current with amendments received through September 1, 2015. Other state court rules and selected county rules are current with rules verified through June 1, 2015.

**End of Document**
© 2015 Thomson Reuters. No claim to original U.S. Government Works.

APPENDIX TAB 6

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 8. Pre-Trial Procedure (Refs & Annos)

TX Rules of Civil Procedure, Rule 166a

Rule 166a. Summary Judgment

Currentness

**(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to amount of damages.

**(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.** The motion for summary judgment shall state the specific grounds therefor. Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response. No oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts,

if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

**(d) Appendices, References and Other Use of Discovery Not Otherwise on File.** Discovery products not on file with the clerk may be used as summary judgment evidence if copies of the material, appendices containing the evidence, or a notice containing specific references to the discovery or specific references to other instruments, are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs: (i) at least twenty-one days before the hearing if such proofs are to be used to support the summary judgment; or (ii) at least seven days before the hearing if such proofs are to be used to oppose the summary judgment.

**(e) Case not Fully Adjudicated on Motion.** If summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the judge may at the hearing examine the pleadings and the evidence on file, interrogate counsel, ascertain what material fact issues exist and make an order specifying the facts that are established as a matter of law, and directing such further proceedings in the action as are just.

**(f) Form of Affidavits; Further Testimony.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend.

**(g) When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(h) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other

party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

**(i) No-Evidence Motion.** After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

**Credits**

Oct. 12, 1949, eff. March 1, 1950. Amended by orders of Oct. 1, 1951, eff. March 1, 1952; July 20, 1966, eff. Jan. 1, 1967; July 21, 1970, eff. Jan. 1, 1971; July 11, 1977, eff. Jan. 1, 1978; June 10, 1980, eff. Jan. 1, 1981; Dec. 5, 1983, eff. April 1, 1984; July 15, 1987, eff. Jan. 1, 1988; April 24, 1990, eff. Sept. 1, 1990; Aug. 15, 1997, eff. Sept. 1, 1997.

Vernon's Ann. Texas Rules Civ. Proc., Rule 166a, TX R RCP Rule 166a

Rules of Civil Procedure, Rules of Evidence, and Rules of Appellate Procedure are current with amendments received through September 1, 2015. Bar Rules, Rules of Disciplinary Procedure, Code of Judicial Conduct, and Rules of Judicial Administration are current with amendments received through September 1, 2015. Other state court rules and selected county rules are current with rules verified through June 1, 2015.

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

APPENDIX TAB 7

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 11. Trial of Causes
        A. Appearance and Procedure

TX Rules of Civil Procedure, Rule 239

Rule 239. Judgment by Default

[Currentness]

Upon such call of the docket, or at any time after a defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant if he has not previously filed an answer, and provided that the return of service shall have been on file with the clerk for the length of time required by Rule 107.

**Credits**

Oct. 29, 1940, eff. Sept. 1, 1941. Amended by order of April 12, 1962, eff. Sept. 1, 1962; Dec. 12, 2011, eff. Jan. 1, 2012.

Vernon's Ann. Texas Rules Civ. Proc., Rule 239, TX R RCP Rule 239

Rules of Civil Procedure, Rules of Evidence, and Rules of Appellate Procedure are current with amendments received through September 1, 2015. Bar Rules, Rules of Disciplinary Procedure, Code of Judicial Conduct, and Rules of Judicial Administration are current with amendments received through September 1, 2015. Other state court rules and selected county rules are current with rules verified through June 1, 2015.

**End of Document**  © 2015 Thomson Reuters. No claim to original U.S. Government Works.